Amos Atkins *et al.*

*v.*

Elizabeth Billings, Executrix, etc.

1. Parties in chancery — *generally.* It is a rule in equity pleading that all persons who have any substantial, legal or beneficial interest in the subject matter of litigation, and who will be materially affected by the decree which may be pronounced, must be made parties.

2. Same—*on bill to enjoin judgment at law, and to cancel contracts of sale.* A bill was filed to enjoin the collection of a judgment at law and to cancel a contract of sale of land for the purchase money of which the judgment was obtained. It appeared that another person than the grantor named in the contract was interested in the subject matter of the sale and was to receive one half the purchase money: *Held,* that such third person was a necessary party to the bill.

3. Amending bill *to make parties.* In such a case, where a necessary party had been omitted, it was held, if the complainant applied for leave to amend his bill by making the necessary parties, it would have been proper to allow him to do so, after the dissolution of the preliminary injunction which had been granted. But in the absence of such an application the bill should be dismissed.

Appeal from the Circuit Court of Madison county; the Hon. William H. Snyder, Judge, presiding.

Mr. Henry S. Baker, for the appellants.

Mr. Charles P. Wise, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court:

Appellants exhibited their bill in chancery in the court below, against appellee, praying that the collection of a certain judgment be enjoined, and, also, that a contract for the sale of the real estate therein described be canceled.

The contract for the sale of the real estate was made in the name of Henry W. Billings, in his lifetime, and the judgment sought to be enjoined was obtained by appellee, as his executrix, on the promissory notes which appellants had given Henry W. Billings in payment for the real estate.

A preliminary injunction was granted, and, on filing appellee's answer and certain affidavits in support of it, the court below, on motion, dissolved the injunction and dismissed the bill.

A single objection to the bill is all that we deem necessary to notice, as, in our opinion, it, alone, authorized the ruling of the court.

Appellee is alone made defendant to the bill, yet its allegations are, that Lewis B. Parsons had an interest in the sale of the real estate to the same extent that Billings had, and he was to receive one-half of the purchase money and join with Billings in the execution of a deed to the property, with full covenants of warranty; and, in showing why appellants failed to interpose their defense in the suit at law, it is alleged: "Your orators did not make any defense to said action at law, for the reason that they were assured, as aforesaid, by the said Lewis B. Parsons (who was interested as aforesaid therein, and to whom the whole matter was left for his determination), that no further steps on judgment would be taken therein until the said Billings and Parsons could procure a title to said land," etc.

The answer admits Parsons' interest to the extent charged in the bill, and the question is, was he not a necessary party to the bill?

A familiar rule in equity pleadings is, all persons must be made parties who have any substantial, legal or beneficial interest in the subject matter of litigation, and who will be materially affected by the decree which may be pronounced. Parsons, therefore, having a substantial beneficial interest in the subject matter of litigation, would seem to be a necessary party. Had the prayer of the bill been granted, the decree could not have been limited to appellee's interest in the subject matter of litigation, but must necessarily have extended, also, to that of Parsons.

On the bill alone, then, appellants were not entitled to the relief which was sought, and we can, therefore, perceive no error in dissolving the injunction and dismissing the bill. Had

appellants applied for leave to amend the bill by making the necessary parties, it would have been proper to have allowed them to do so after the dissolution of the injunction; but this was not asked.

The decree is affirmed.

*Decree affirmed.*