PHILIP KNOPF, County Clerk,

*v.*

THE CHICAGO REAL ESTATE BOARD *et al.*

*Opinion filed April 21, 1898—Rehearing denied June 9, 1898.*

1. PARTIES—*objection of want of necessary parties may be made at any time.* An objection of want of necessary parties may be taken at the hearing, or in a court of review on appeal or error, where it appears the rights of such parties are so connected with the subject matter of the controversy that a final decree cannot be rendered without materially affecting them.

2. SAME—*court should stay further action for want of necessary party.* It is the duty of the court, if it appears at any stage of the proceedings that a final decree cannot be rendered without materially affecting the rights of one not a party, to stay further action until such party is brought within the jurisdiction of the court.

3. SAME—*court should, of its own motion, require necessary party to be brought in.* Whenever it appears that a necessary party has been omitted, the court should, of its own motion, without waiting for action by the complainant, defendant or absent party, require such party to be brought in; and this is proper practice, whether the case is pending in the trial court or a court of review.

4. SAME—*when park commissioners are necessary parties to a bill to enjoin tax.* Park commissioners are necessary parties to a bill to enjoin the county clerk from extending a tax for boulevard and park purposes where the sole ground urged for relief is the want of power in the commissioners to levy the tax, and the refusal of the court to admit them as parties, before final decree in accordance with the prayer of the bill, is reversible error.

APPEAL from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

This was a bill in chancery exhibited by the appellees in the circuit court of Cook county, against the appellant. In substance the allegations of the bill are, the complainants were the owners, respectively, of taxable real property in one or more of the towns of South Chicago, Lake and Hyde Park; that the South Park Commissioners, a municipal or *quasi* municipal corporation, are invested by law with certain limited powers of taxation in a territory comprised of said towns, for the purpose of procuring a

fund to be appropriated by the said commissioners to the payment of the costs and expenses of maintaining and managing a system of public parks and parkways committed to the care and custody of said commissioners by the laws of the State; that said commissioners have construed an act adopted by the General Assembly of the State at the session of 1895 to authorize them to raise a fund by a levy of two mills on each dollar of the assessed valuation of all property in said towns, (in addition to other sums which other enactments authorize the commissioners to cause to be levied,) for the purpose of the corporate duties of the said commissioners,—*i. e.*, governing and maintaining the parks, boulevards and pleasure ways within their jurisdiction,—and that, acting upon such construction of said act, said commissioners have adopted an ordinance providing for the creation of a fund in the sum of $295,164 by the levy of a tax of two mills on each dollar of the assessable value of all the property in said towns, and have certified such action to the appellant, Philip Knopf, county clerk of Cook county, to be by such clerk extended upon the town collector's tax books in each of said towns as taxes against the real and personal property of said town; that said act of the General Assembly is not susceptible of such construction, but,. on the contrary, is not applicable to said board of commissioners, and invests them with no power or authority whatever to exact any sum of money from the tax-payers in their jurisdiction; that said levy is illegal and oppressive, and that the said county clerk is about to extend the same against the property of complainants and thereby cloud their titles, etc. The bill makes said Knopf, the clerk, the sole defendant, and the prayer is that he be perpetually enjoined from extending the alleged illegal levy against any property in any of said towns.

The defendant to the bill, the county clerk, (appellant,) interposed a general demurrer, and the same was argued and submitted to the court. The court took the demur-

rer under advisement, and while the cause was so pending the South Park Commissioners appeared and moved the court to be made parties defendant to the bill. The court denied the motion and on the same day overruled the demurrer. The county clerk declined to further plead or answer, and the court entered a decree perpetually enjoining the county clerk from extending said tax levy against any property within the limits of the towns in the jurisdiction of the said South Park Commissioners. This is an appeal to bring the proceedings in review in this court.

GREEN, ROBBINS & HONORE, (ROBERT S. ILES, and FRANK L. SHEPARD, of counsel,) for appellant.

WILSON, MOORE & MCILVAINE, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

It is a general rule of equity so familiar that the citation of authorities in its support is wholly unnecessary, that all persons, natural or artificial, who have any substantial legal or beneficial interest in the subject matter of the litigation, or who will be materially affected by the decree which may be rendered, are to be made parties to the suit. The rule is inflexible, yielding only when the allegations of the bill disclose a state of case so extraordinary and exceptional in character as that it is practically impossible to make all parties in interest parties to the bill, and further, that others are made parties who have the same interest as have those not brought in, and are equally certain to bring forward the entire merits of the controversy as would the absent persons.

The sole question presented to the court by the allegations of the bill in the case at bar was as to the right and power of the South Park Commissioners to demand and receive from the complainants in the bill, and other tax-payers within the jurisdiction of the commissioners,

the taxes sought to be declared illegal by the bill. The determination of that question was of vital importance to the South Park Commissioners, who were not made parties, and of no concern to the county clerk, who was made the sole defendant, except in so far as it might serve to guide him in the discharge of the duty of preparing the books for the use of the tax collectors. The only necessity for bringing the clerk into the case was to preserve existing conditions until the real parties in interest could be heard by the court and their rights determined. These commissioners are a body politic and corporate, invested with limited taxing power, having a home and exercising functions in the same county in which the court was being held. The relief sought was a decree that the commissioners were without lawful power or right to cause the taxes in question to be levied. No other question was involved, and no other party than the commissioners was interested as defendant in its decision. Their presence in the case as parties was essential to the rendition of a final decree. (High on Injunctions, secs. 576, 577; *Hays* v. *Hill*, 17 Kan. 360; *Atkins* v. *Billings*, 72 Ill. 597; *Berry* v. *Berry Heirs*, 3 Mon. 263; *Bunney case*, 2 Bland, 99; *Lefferts* v. *Supervisors*, 21 Wis. 638; *Gilmore* v. *Fox*, 10 Kan. 509; *Abrams* v. *Vollbam*, 54 Tex. 226; *State* v. *Anderson*, 5 Kan. 90; *Anderson* v. *McKay*, 30 Tex. 186; *Moreland* v. *Barnham*, 44 id. 275; *Allen* v. *Turner*, 11 Gray, 436; *Caldwell* v. *Prundle*, 11 W. Va. 307; *Sams* v. *King*, 40 Conn. 212; *Carpenter* v. *Graham*, 59 Mo. 247.) Yet the court refused to permit them to appear and be heard, but proceeded to enter a decree declaring they had no lawful right to levy the taxes in question, and deprived them, by a perpetual injunction against the clerk, of the only means provided by law for the collection of such taxes. In this we conceive the court fell into error. We need not pause to answer the suggestion that this holding will make it necessary that the State and each taxing body shall be made parties defendant in every bill brought to enjoin the extension or collection of taxes.

It is sufficient to say, the circumstances of this case demand the commissioners be made parties defendant to the cause and that the ruling is confined to this case. That the South Park Commissioners were necessary parties to the suit appeared affirmatively from the allegations of the bill. Their privilege to appear and defend against the assault upon their rights, interest and powers was not in any degree dependent upon the action or nonaction of the defendant, the county clerk. It was a substantial subsisting right resting in the commissioners to be made defendants to the bill, and the fact that the demurrer which was presented by the clerk did not specifically raise the point could have no effect to destroy the right. The court, of its own motion, should have taken notice of the omission, without regard to the character of the demurrer. *Herrington* v. *Hubbard,* 1 Scam. 569.

It is insisted that the application of the commissioners to be allowed to defend against the bill came too late, and for that reason was properly refused. They were not parties to the proceeding and were under no obligation to appear at any time. The application came in ample time to enable the court to avoid the error of entering a decree without having jurisdiction of the person of a necessary party. We conceive it to be the duty of the chancellor, if it appears at any time or any stage of the proceedings that a final decree cannot be entered in the case without materially affecting the interest of some one who is not a party to the suit, to stay further action until the absent party is brought within the jurisdiction of the court. Nor is it necessary in such state of case the chancellor should await action on the part of either the complainant or defendant to the bill or the absent party, but should of his own motion, whenever it comes to his knowledge that a necessary party has been omitted from the bill, require the omission to be corrected before proceeding with the case. This is proper practice, not only during the time of the pendency of the proceeding in the

trial court, but also during its pendency in a court of review. We have repeatedly ruled that where the rights of parties not before the court are so intimately connected with the subject matter of the controversy that a final decree cannot be made without materially affecting their rights and interests, the objection that there is a lack of proper parties may be taken at the hearing, or in a court of review on appeal or on error. *Spear* v. *Campbell*, 4 Scam. 424; *Prentice* v. *Kimball*, 19 id. 320; *Lynch* v. *Rotan*, 39 id. 14; *Allen* v. *Woodruff*, 96 id. 11; *Farmers' Nat. Bank* v. *Sperling*, 113 id. 273.

It was error for the court to proceed to final decree without having jurisdiction of the South Park Commissioners, and as the questions sought to be presented in this court by the record are such only as materially affect the rights and powers of the commissioners, it is manifest we should not assume to consider and determine such questions.

The decree must be reversed and the cause remanded for further proceedings in conformity with the views here expressed.

*Reversed and remanded.*