(No. 12179.—Decree affirmed.)

HERMAN KRUEDING et al. Appellants, vs. THE CHICAGO
DOCK AND CANAL COMPANY et al. Appellees.

*Opinion filed October 21, 1918.*

1. PARTIES—*bill to restore alleged lost deed must make grantor's heirs parties.* A bill to restore an alleged lost, stolen or destroyed deed, by which it is alleged the grantor divested himself of all title, must make the grantor or his heirs, devisees or persons claiming under him, parties to the suit.

2. SAME—*objection of non-joinder of indispensable parties may be made at any time.* Whenever it appears to the court that parties against whom relief is sought have not been joined as defendants and it has no jurisdiction over them the court should proceed no further, and the objection of non-joinder of indispensable parties may be made at any time at the hearing or on appeal or writ of error and need not be made by demurrer.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

CHARLES E. MILROY, and FRANK H. NOVAK, for appellants.

SAMUEL A. ETTELSON, Corporation Counsel, (BENTON F. KLEEMAN, of counsel,) for appellee the city of Chicago.

CHARLES L. BARTLETT, SHERMAN C. SPITZER, EDWARD OSGOOD BROWN, WILLIAM D. MCILVAINE, WALTER S. HOLDEN, BRYAN Y. CRAIG, SYDNEY S. POLLACK, PAUL A. HAZARD, RICHARD P. POULTON, JOSEPH H. MUHLKE, OSCAR HEBEL, HAY & BROWN, WINSTON, STRAWN & SHAW, WILSON, MOORE & MCILVAINE, NELSON, LITTLE & GORDON, RYAN, CONDON & LIVINGSTON, SONNENSCHEIN, BERKSON & LAUTMANN, MAYER, MEYER, AUSTRIAN & PLATT, FISHER, BOYDEN, KALES & BELL, SHEPARD, MCCORMICK, THOMASON, KIRKLAND & PATTERSON, and MILLER, STARR, BROWN, PACKARD & PECKHAM, for other appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Herman Krueding and Elizabeth Schmidt, by their amended bill filed in the circuit court of Cook county, prayed for the restoration of a deed under which they claimed title to a large tract of land in the city of Chicago, which deed was alleged to have been lost or stolen, to establish and declare their title to the real estate and to remove alleged clouds upon such title. It was alleged that the appellees, the city of Chicago and a great number of persons and corporations who were made defendants, made some claim of ownership and title to the real estate, the exact nature of which was unknown to the complainants. There was no averment that the complainants were in possession of the real estate; that the city of Chicago, the corporations or the array of the defendants, either together or separately, were in possession of it or any part of it or that it was vacant or unoccupied. The defendants severally filed a great number of demurrers to the bill for insufficiency of its allegations as against them, which were repetitions of the same grounds of demurrer. The chancellor sustained the accumulated demurrers and dismissed the bill for want of equity, and this appeal was prosecuted from the decree.

The amended bill alleged that on or about July 21, 1898, Peter T. Johnston conveyed the tract of land by deed to the complainant Elizabeth Schmidt and her mother, Barbara Schneider, in joint tenancy; that Johnston was then the owner of the real estate and had been in the open, adverse, hostile, continuous, undisturbed, notorious and peaceable possession of the same, exercising the whole dominion and control over the same as owner, for a period of over twenty years; that the deed was never recorded; that Barbara Schneider died intestate on or about October 29, 1910, leaving the complainant Elizabeth Schmidt her sole heir-at-law; that Barbara Schneider for many years prior to

her death was of unsound mind; that search for the deed had been made and it could not be found, and said complainant was advised that it had been stolen from Barbara Schneider at a time when she was of unsound mind, and that on or about August 20, 1913, the complainant Elizabeth Schmidt and her husband, Joseph Schmidt, executed to the complainant Herman Krueding a quit-claim deed of an undivided half interest in the real estate. The bill contained no allegation whether Johnston was living or dead, and neither he nor his heirs-at-law nor devisees, nor any person claiming title under him, was made a defendant.

The bill having alleged that Peter T. Johnston was the owner of the real estate at the time of the alleged conveyance and had divested himself of the title by said conveyance, he or his heirs or devisees or persons claiming under him were necessary parties. No decree restoring the alleged lost or stolen or destroyed deed or establishing title in the complainants could be made without proof and a finding that Johnston executed the deed and thereby parted with his title, and his heirs, devisees or persons claiming under him were necessary and indispensable parties. Their presence as parties to the suit was an absolute necessity, without which the court could not proceed, and whenever it appears to a court that parties against whom relief is sought have not been joined as defendants and it has no jurisdiction over them, so that any decree would be useless, the court should proceed no further and refuse to entertain the suit. On this ground the chancellor was right in dismissing the bill. It was not necessary that the objection should be made by demurrer. The objection of the non-joinder of indispensable parties may be taken at the hearing or on appeal or error. *Gerard* v. *Bates,* 124 Ill. 150.

The alleged deed from Johnston was the only source of the complainants' title, and the restoration of that deed was an essential preliminary to any right which they might have. Unless the deed was restored and a title thereby conveyed

285 – 6

established, the complainants would have no right to the removal of alleged clouds. It would be unprofitable to consider or decide questions argued by the parties as to the sufficiency of the bill as one filed to remove clouds from title.

The decree is affirmed.                    *Decree affirmed.*