(No. 21170.—

REUBEN H. STRIPE, Defendant in Error, *vs.* LOUIS J.
YAGER *et al.* Plaintiffs in Error.

*Opinion filed April 23, 1932.*

JONES, J., took no part.

ARTHUR BULKLEY, and MATTHIAS CONCANNON, for plaintiffs in error.

HENRY O. NICKEL, (DANIEL S. WENTWORTH, of counsel,) for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

This cause is here on *certiorari* to review a judgment of the Appellate Court for the Second District affirming a decree of the circuit court of Lake county entered on April 23, 1930, enjoining the city of Waukegan, its mayor, commissioners and former treasurer, from further carrying out the provisions of a resolution of the city council passed on July 13, 1928, for the purchase from Edith T. Higley, Frances L. Higley and Violet E. Johnstone of certain real estate for the price of $100,000. Under the terms of the resolution the city had paid $20,800 of the purchase price in cash upon the delivery of a warranty deed for the premises, subject to a trust deed securing notes aggregating $79,200, which the city assumed and agreed to pay.

The suit was instituted on July 26, 1928, by Reuben H. Stripe, a tax-payer of the city, on behalf of himself and all other tax-payers similarly situated. An amended bill was filed on October 16, 1928, and on October 22 an application for a temporary injunction was heard upon the amended bill without any other pleadings. The application was denied and a decree entered dismissing the original and amended bills for want of equity. From that decree complainant prayed an appeal, which was allowed but never perfected. Subsequently he sued out a writ of error from the Appellate Court for the Second District, which court reversed the decree and remanded the cause for further pro-

ceedings not inconsistent with the views expressed in *Stripe* v. *City of Waukegan*, 254 Ill. App. 74. When the case was subsequently re-docketed, demurrer to the amended bill was filed by all the defendants, relying upon the alleged lack of necessary parties. The demurrer was overruled and defendants answered.

The answer sets forth, among other things, that on the premises deeded to the city there was a substantial two-story-and-basement brick building containing some eighteen rooms, easily adaptable, at small cost, for a city hall for the city; that on July 26, 1928, an appropriation ordinance was passed appropriating $100,000 for new city hall property; that the assessed value of the taxable property of the city of Waukegan was $21,988,685 and the bonded indebtedness of the city was not in excess of $320,000; that Edith T. Higley, Frances L. Higley, Violet E. Johnstone, Ernest Marshall Johnstone, her husband, grantors in the warranty deed to the city, and Phillip A. Populorum, trustee in the trust deed, are the owners and holders of the notes secured by the trust deed and are necessary parties to the suit; that since the order dismissing complainant's original and amended bills, and before the suing out of a writ of error from the Appellate Court, the building on the premises had been completely remodeled and adapted for use as a city hall for the city and that it would be impossible to restore the premises and building to the *status quo* before possession was taken. To the answer is attached a copy of the deed to the city and a copy of the appropriation ordinance. No replication was filed and no testimony was taken. The cause was heard upon the bill and answer. A decree was entered enjoining defendants from in any manner carrying out the provisions of the resolution for the purchase of the property and from paying out of the city funds any sum upon the purchase price. From that decree an appeal was taken to the Appellate Court for the Second District, where it was affirmed. This is the decree now before us.

The first decision of the Appellate Court was not final and was not reviewable by this court. (*People* v. *Board of Education,* 275 Ill. 195.) While it constituted the law of the case for the circuit court and may have been binding upon the Appellate Court on the second appeal it is not binding upon this court in reviewing the latter decision. *McLaughlin* v. *Hahn,* 333 Ill. 83; *Bailey* v. *Robison,* 244 id. 16.

By section 1 of article 5 of the Cities and Villages act as it existed at the time of the making of the contract and the execution of the deed here in question, it was provided that the city council in cities should have, among others, the following powers:

"*First*—To control the finances and property of the corporation.

"*Second*—To appropriate money for corporate purposes only, and provide for payment of debts and expenses of the corporation.

"*Eighty-sixth*—To provide for the erection and care of all public buildings necessary for the use of the city or village."

Section 10 of article 1 of the same act provided as follows: "Cities organized under this act shall be bodies politic and corporate, under the name and style of 'City of (name),' and under such name may sue and be sued, contract and be contracted with, acquire and hold real and personal property for corporate purposes, have a common seal, and change the same at pleasure, and exercise all the powers hereinafter conferred." Section 2 of article 7 of the act provides for the passage of an annual appropriation bill within the first quarter of each fiscal year, and section 4 provides that "no contract shall be hereafter made by the city council or board of trustees, or any committee or member thereof; and no expense shall be incurred by any of the officers or departments of the corporation, whether the object of the expenditure shall have been ordered by the

city council or board of trustees or not, unless an appropriation shall have been previously made concerning such expense, except as herein otherwise expressly provided." By an ordinance adopted by the city of Waukegan its fiscal year commences on May 1.

In *City of Danville* v. *Danville Water Co.* 180 Ill. 235, in construing the above sections the court said: "Within that period of first quarter of the fiscal year which may ensue prior to the passage of an annual appropriation bill or ordinance, the city council may enter into any contract and incur any expense, not otherwise unlawful, without an appropriation therefor having been previously made, but may include the appropriation therefor in the general appropriation bill to be thereafter enacted within the said first quarter of the fiscal year. Section 4 has the effect to prohibit the incurring of liability or expense during the fiscal year after the passage of the annual appropriation bill unless the object of the expenditure or liability shall have been included within the annual appropriation ordinance, except as to expenditures the necessity whereof is caused by some casualty or accident within the meaning of the proviso to section 3 of the act." On July 26, 1928, within the first quarter of the fiscal year, the city council of the city of Waukegan passed a general appropriation ordinance, in which there was appropriated, among other things, "$100,-000 for new city hall property." At that time the assessed valuation of the taxable property of the city was $21,988,685 and the bonded indebtedness of the city was not in excess of $320,000.

Under its statutory powers and its financial status on July 13, 1928, the city of Waukegan had a lawful right to purchase the premises in question for a city hall, receive a deed therefor and within the fiscal year pay the sum of $100,000 therefor. Instead of paying the entire sum the city only paid $20,800 of the purchase price in cash and accepted a warranty deed for the premises, subject to a

trust deed securing notes aggregating $79,200. The deed contained a clause to the effect that the city assumed and agreed to pay the trust deed indebtedness. This indebtedness was evidenced by promissory notes payable on or before fifteen years from July 13, 1928, with the interest at five and three-quarters per cent per annum. The city therefore had a right, if it so desired, to pay this indebtedness within the then current fiscal year. This suit was brought on July 26, 1928, before the expiration of the first quarter of the fiscal year. It is alleged in the bill as a basis for intervention of a court of chancery by injunction, "that the said city of Waukegan, through its mayor and commissioners, if they be not restrained and enjoined from so doing, will undertake the payment of the remainder· of the sum of $100,000 which is due upon the alleged contract heretofore set forth, to-wit, the sum of $79,200."

It is claimed that the purchase of the premises in ·question was contrary to the provisions of section 12 of article 9 of the constitution of 1870, which provides: "No county, city, township, school district, or other municipal corporation, shall be allowed to become indebted in any manner or for any purpose, to an amount, including existing indebtedness, in the aggregate exceeding five percentum on the value of the taxable property therein, to be ascertained by the last assessment for State and county taxes, previous to the incurring of such indebtedness. Any county, city, school district, or other municipal corporation incurring any indebtedness as aforesaid, shall before, or at the time of doing so, provide for the collection of a direct annual tax-sufficient to pay the interest on such debt as it falls due, and also to pay and discharge the principal thereof within twenty years from the time of contracting the same." The first sentence of this section operates to prohibit a municipality from becoming indebted to an amount in the aggregate exceeding five percentum of the value of the taxable property within its limits as ascertained by the last assessment for

State and county taxes. Within that limit, debts within the lawful power of the municipality to incur may be contracted without providing for a direct annual tax, unless payment of such indebtedness is deferred to a fixed future period. (*Town of Kankakee* v. *McGrew*, 178 Ill. 74.) The amount of the contract in this case did not increase the indebtedness of the city beyond this constitutional limitation.

It is claimed by defendant in error that the city has no right to enter into contracts for the purchase of property upon credit. It is a matter of common knowledge, based upon the common experience of all municipalities, that in the ordinary course of the conduct of the business of such municipalities almost all contracts entered into by the city for purchases or for improvements are based upon the credit system.

At the time that this property was sold the city of Waukegan had lawful authority to purchase the premises in question for the sum of $100,000 and to pay for the same out of the corporate funds in the due course of the. orderly administration of the affairs of the city. There is no question in this case but that the city was in need of a city hall and that the price agreed upon was a fair and reasonable one. No question of fraud is raised and no facts are set up from which it could be held that the purchase of the property in question was not a legitimate exercise by the city council of its statutory powers. The grantors made and executed their deed of the premises to the city, delivered possession of the same and in all respects fully performed their undertaking. The city took possession of the premises, has entirely changed their condition and rendered the same unsuitable for ordinary purposes. The contract of purchase was not *ultra vires* the corporate powers of a city, and if it should be held that the city had no right to assume the mortgage indebtedness, the contract would not be void but would be merely an irregular exercise of the corporate powers, and the contract having been exe-

cuted by the parties with the exception of a payment of a part of the consideration thereof, the city might be called upon, in an action at law upon a *quantum meruit,* to pay the reasonable value of the property. *Avery* v. *City of Chicago,* 345 Ill. 640; *McGovern* v. *City of Chicago,* 281 id. 264; *People* v. *Spring Lake Drainage District,* 253 id. 479; *County of Coles* v. *Goehring,* 209 id. 142.

By the decree in this case plaintiffs in error were enjoined "from paying from the funds of the city, or otherwise, any sum of money upon the purchase price of said real estate or any part thereof." Even if it should be held that the assumption of the mortgage indebtedness as a part of the purchase price was invalid, yet, the contract having been executed and the grantors deprived of their property, it was erroneous to perpetually enjoin the city from paying "any sum of money upon the purchase price of said real estate or any part thereof."

There is another reason why the judgment of the Appellate Court and the decree of the circuit court must be reversed. The grantors, Edith T. Higley, Frances L. Higley and Violet E. Johnstone, and Phillip A. Populorum, the trustee in the trust deed to which the premises were subject, are vitally interested in the determination of the question whether or not plaintiffs in error shall be perpetually enjoined from paying any part of the purchase price of the premises, and they are, each of them, therefore, necessary parties to this suit. (*Brown* v. *Riggin,* 94 Ill. 560; *Lussem* v. *Sanitary District,* 192 id. 404; *Gaumer* v. *Snedeker,* 330 id. 511.) In the last mentioned case upon this subject it was said: "Whenever a party has been omitted whose presence is so indispensable to a decision of the case upon its merits that a final decree cannot be made without materially affecting his interests the court should not proceed to a decision of the case upon the merits. The objection may be made by a party at the hearing or on appeal or error, and the court will upon its own motion take notice of

370

the omission and require the omitted party to be made a party to the litigation even though no objection is made by any party litigant.—*Knopf* v. *Chicago Real Estate Board,* 173 Ill. 196; *Abernathie* v. *Rich,* 229 id. 412; *McMechan* v. *Yenter,* 301 id. 508; *Webster* v. *Jackson,* 304 id. 569; *Mortimore* v. *Bashore,* 317 id. 535."

The judgment of the Appellate Court and the decree of the circuit court are reversed.     *Judgment reversed.*

Mr. JUSTICE JONES took no part in this decision.