(No. 21923.—

HARRY W. SCHUMACHER, Appellant, *vs.* WALTER KLITZING, Mayor, *et al.* Appellees.

*Opinion filed October 21, 1933.*

BYRON PIPER, and PARKER & BAUER, (A. D. STEVENS, of counsel,) for appellant.

G. F. TAYLOR, JONES, HOCKER, SULLIVAN & GLADNEY, and WILLARD A. McCALEB, (WALTER C. KLITZING, and POPPENHUSEN, JOHNSTON, THOMPSON & COLE, of counsel,) for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

Harry W. Schumacher, complainant, a resident and tax-payer of the city of Altamont, filed a bill in the circuit court of Effingham county for an injunction against the mayor and members of the city council, the city clerk and the city treasurer of said city, and also against Fairbanks, Morse & Co., a corporation, defendants. The bill as amended sought to enjoin defendants from carrying out the terms of a contract between the city and Fairbanks, Morse & Co. A demurrer was sustained to the amended bill and it was dismissed by the court. Upon an appeal the Appellate Court for the Fourth District affirmed the decree and granted a certificate of importance and an appeal to this court.

The city of Altamont is operating under the commission form of government. Before and ever since July 1, 1913, it owned and operated an electric light and power

plant to generate electric energy for the use of the city and its inhabitants. The plant had become inefficient, expensive to operate and was subject to frequent breakdowns. The city council in the early part of the year 1932 passed certain ordinances purporting to authorize the city to purchase and install a Diesel engine, an electric generator and other equipment for the plant and to pay for the same solely out of the net income of the plant. The city thereafter entered into a contract with the defendant Fairbanks, Morse & Co. to furnish and install the machinery.

The bill of complaint alleges that the ordinances are void; that the contract was prematurely let; that the pledging of the net income of the plant and the property previously owned by the city amounts, in law, to a pledge of the property itself and constitutes a debt against the city in excess of constitutional limitations; that the city is powerless to issue certificates of indebtedness except under the terms of the Municipal Ownership act; (Smith's Stat. 1931, chap. 111⅔, p. 2248;) that said act does not authorize the issuance of any such evidence of indebtedness unless previously authorized by a vote of the electors of the city and that no election therefor was held, and that the contract is therefore illegal and void.

The city of Altamont was not made a party to the suit, which sought to avoid its contract. It is a familiar rule in equity pleading that all persons having any substantial legal or beneficial interest in the subject matter of a suit and who will be materially affected by the decree must be made parties. (*Atkins* v. *Billings,* 72 Ill. 597.) Making the city of Altamont a party was essential to the rendition of a final decree. *Knopf* v. *Chicago Real Estate Board,* 173 Ill. 196.

A want of proper parties apparent on the face of the bill may be taken advantage of by demurrer. Where the rights of parties not before the court are intimately connected with the matter in dispute, so that a final decree

cannot be made without materially affecting their interests, the objection may be taken at the hearing or on appeal or on error. Courts will of their own motion take notice of such omission and rule accordingly, although no demurrer be interposed for want of proper parties. (*Herrington* v. *Hubbard,* 1 Scam. 569; *Prentice* v. *Kimball,* 19 Ill. 320; *Gerard* v. *Bates,* 124 id. 150; *Knopf* v. *Chicago Real Estate Board, supra.*) A reviewing court will act, not on account of a party who makes the objection for the first time on appeal but because no effective decree can be made. (*Gulick* v. *Hamilton,* 287 Ill. 367.) Whenever it appears to a court that parties against whom relief is sought have not been made parties and it has no jurisdiction over them, so that any decree would be useless, the court should proceed no further and refuse to entertain the suit. *Krueding* v. *Chicago Dock Co.* 285 Ill. 79.

The appellees filed a joint brief printed in the usual manner. The title page gives the name of each appellee, but the city of Altamont is not among the names. The brief is signed by the attorneys for Fairbanks, Morse & Co. and by another firm of attorneys "Of counsel." It is also signed by "G. F. Taylor, Effingham, Illinois, attorney for appellees, city of Altamont and its officers." It is further signed by "Walter C. Klitzing, of counsel for city of Altamont and its officers." If one not a party to a proceeding desires to take part in it, the practice is to ask leave of court to become a party, and, upon permission being granted, to enter an appearance and proceed as other parties. The city of Altamont has not asked leave of court to become a party to this proceeding nor has it intimated in any way that it knew of the existence of the suit. It is a stranger to the record, and the manner in which the attorneys for the city officials signed the brief cannot be construed into an entry of appearance and request by the city to be made a party to this proceeding.

Although the question of non-joinder was not raised in the circuit court by demurrer or otherwise, still, the action of the chancellor in dismissing the bill would have been a necessary sequence to an objection on that ground. No leave having been asked by complainant to make the city a party the bill was properly dismissed. *Krueding* v. *Chicago Dock Co. supra.*

The judgment of the Appellate Court affirming the decree of the circuit court is affirmed.

*Judgment affirmed.*