(No. 27479.—

RICHARD JAMES OGLESBY *et al.*, Appellees, *vs.* SPRINGFIELD MARINE BANK *et al.*—(AUGUSTA. SMITH OGLESBY *et al.*, Appellants.)

*Opinion filed January 18, 1944.*

CATRON & HOFFMAN, of Springfield, for appellants.

BROWN, HAY & STEPHENS, of Springfield, EDWIN C. MILLS, and HAROLD F. TRAPP, both of Lincoln, (PAUL W. GORDON, of Springfield, of counsel,) for appellees.

Mr. CHIEF JUSTICE SMITH delivered the opinion of the court:

This is a direct appeal from a decree of the circuit court of Logan county. Many questions were presented by the pleadings. The construction of certain provisions of the will of Emma Gillett Oglesby, as well as certain deeds and other instruments, is involved. The ultimate issue is the ownership of title to 1600 acres of land located in Logan county. A freehold is directly involved.

The land in question was owned by Emma Gillett Oglesby on and prior to April 3, 1922. On that date she executed a warranty deed by which she conveyed approximately 800 acres of the land to her son John G. Oglesby. John G. Oglesby is also known in the record as John Dean Gillett Oglesby. This deed on its face purported to convey in fee, with no limitations or restrictions, the land therein described. It was duly acknowledged and delivered to the grantee. On the same day, Emma Gillett Oglesby executed and delivered a like deed, conveying approximately 800 acres of the land to her daughter Louise Felicite Oglesby, who is also known in the record as Louise Felicite Oglesby Cenci and Felicite Oglesby Cenci Bolognetti. The grantees took possession of the lands conveyed to them, respectively, and thereafter exercised acts of ownership over the same.

On January 27, 1924, Emma Gillett Oglesby made and published her last will and testament. She departed this life on November 25, 1928. Her will was duly admitted to probate on December 21, 1928, by the county court of Logan county. Her estate was finally settled in due course. She left her surviving Hiram G. Keays, John G. Oglesby,

Jasper E. Oglesby and Louise Felicite Oglesby Cenci, her children and only heirs-at-law.

The will of Emma Gillett Oglesby consisted of thirteen paragraphs, designated therein as "Items." The only portions of her will necessary to be noticed in disposing of the case on the record before us are paragraphs 5, 6 and 8. By paragraph 5 she devised to her son John G. Oglesby, for the term of his natural life, the same real estate which she had conveyed to him by her deed of April 3, 1922. He was also given the power to appoint the remainder in said real estate to any child, children, or lineal descendants of any child or children, of Louise Felicite Oglesby Cenci, Jasper E. Oglesby or Hiram G. Keays, who might survive the said John G. Oglesby, in the event he died without children or descendants of children surviving.

By paragraph 6 of her will she devised to her daughter Louise Felicite Oglesby Cenci the same real estate which she conveyed to her by the deed of April 3, 1922, giving her only a life estate therein. The remainder interest was disposed of by the will at the death of the life tenant. A like limited power of appointment of the remainder was given to her as that given to John G. Oglesby by paragraph 5, except the appointment was limited to children, or their descendants, of John G. Oglesby, Jasper E. Oglesby and Hiram G. Keays.

By paragraph 8 of the will she created a trust in which the plaintiffs, Richard James Oglesby and John Lewis Oglesby, are the beneficiaries and entitled to the net income therefrom. Appellee Springfield Marine Bank is the duly qualified and acting trustee under said will.

John G. Oglesby died testate on May 25, 1938. His will and a codicil thereto were duly admitted to probate by the county court of Logan county. By his will he devised a portion of the real estate conveyed to him by the deed from Emma Gillett Oglesby on April 3, 1922, to his wife Augusta Smith Oglesby for her life. He also devised

a part to his sister, Louise Felicite Oglesby Cenci, in fee and a part to her for life. He purported to dispose of the fee, at the expiration of the life estates, to designated beneficiaries.

The plaintiffs, Richard James Oglesby and John Lewis Oglesby, are the beneficiaries under the trust created by the eighth paragraph of the last will and testament of Emma Gillett Oglesby. The purpose of the suit was to obtain a decree holding that the lands deeded to John G. Oglesby by Emma Gillett Oglesby, by her deed of April 3, 1922, are a part of the trust created by the eighth paragraph of the will of Emma Gillett Oglesby. They alleged in their complaint that notwithstanding Emma Gillett Oglesby on April 3, 1922, conveyed the land in question to John G. Oglesby and Louise Felicite Oglesby Cenci, she disposed of said land by paragraphs 5 and 6 of her will, as property owned by her; that by other provisions of her will she devised and bequeathed certain other real and personal property to her son John and to her daughter Felicite; that they had each accepted the provisions of the will and had accepted the property devised and bequeathed to them by the will. It was alleged that by accepting the benefits of the other provisions of the will they had elected to take under the will and as a result the property deeded to them by the deeds of April 3, 1922, passed under the will of Emma Gillett Oglesby; that the property conveyed to John G. Oglesby, upon his death, became a part of the trust created by paragraph 8 of the will, in which trust the plaintiffs were the beneficiaries. They further alleged that they had demanded that the trustee bring suit for the purpose of having the property declared a part of the trust; that upon the trustee's refusal to do so the suit was brought in the names of the beneficiaries of the trust.

The suit was brought against Augusta Smith Oglesby, individually and as executrix of the last will and testament of John G. Oglesby, deceased, Louise Felicite Oglesby

Cenci, individually and as trustee under the last will and testament of John G. Oglesby, deceased, and certain grand-children of Emma Gillett Oglesby. The trustee was also named a party defendant.

A joint answer was filed by Augusta Smith Oglesby, individually and as executrix of the will of John G. Oglesby, deceased, and Louise Felicite Oglesby Cenci, individually and as trustee under the will of John G. Oglesby, deceased. By this answer they alleged that John G. Oglesby and Louise Felicite Oglesby Cenci acquired title in fee to the property under the deeds of April 3, 1922. A reply to this answer was filed by plaintiffs. Issues were joined on the complaint, the answer and the reply. Evidence was heard in open court.

At the conclusion of the evidence the defendants Louise Felicite Oglesby Cenci and Augusta Smith Oglesby offered in evidence a document identified in the record as defend-ants' exhibit 3. The court refused to admit this document in evidence for the reason that it had not been pleaded or referred to in the answer of the defendants. Thereupon said defendants obtained leave to file an amended answer. By their amended answer they alleged that the deeds of April 3, 1922, were made, executed and delivered to the grantees therein named upon certain conditions and lim-itations, in accordance with an oral understanding and agreement made at that time with Emma Gillett Oglesby, the grantor; that such grantees acquired title under said deeds only in trust and subject to such understanding and agreement; that said oral agreement was afterwards, on April 22, 1925, reduced to writing. A copy of said agree-ment, as reduced to writing, was attached to, and made a part of, the amended answer, by reference. Said instru-ment purports to be an agreement executed on April 22, 1925, between John G. Oglesby and Felicite Oglesby Cenci Bolognetti, evidencing a prior oral agreement. After re-citing the execution of the deeds on April 3, 1922, by

Emma Gillett Oglesby it was stated in this instrument that said deeds were made "in pursuance of an understanding by her had with the parties hereto." Then, after reciting certain conditions upon which such conveyances were made, the parties to the instrument were each obligated to "make and execute a last will and testament and by its terms give, devise and bequeath" to the other "for and during her (or his) natural life, with remainder in fee simple to some child, children or descendants of a child or children of John D. Gillett," the lands described in the deeds. The instrument contained the further covenant that the survivor, after the death of the other, would, by deed convey, or by will devise, all the lands described in the deeds of April 3, 1922, to some child, children or descendants of child or children of John D. Gillett, deceased. John D. Gillett was the father of Emma Gillett Oglesby. Attached to this instrument was a statement signed by Emma G. Oglesby as follows:

"This is to certify that I, Emma G. Oglesby upon to-wit the 3rd day of April, A. D. 1922, as the grantor therein did upon the date aforesaid make, execute, acknowledge and deliver the two certain deeds in the foregoing contract described, therein and thereby conveying to John G. Oglesby the said lands in said contract described, and to Louise Felicite Oglesby (since intermarried with Conte Don Alessandro Cenci Bolognetti) the certain other lands in said contract described as being respectively made upon the date aforesaid.

"That a part of the consideration for the said deeds so made as aforesaid was the agreement between the said John G. Oglesby and Louise Felicite Oglesby and with me that they and each of them would hold, devise, convey and transfer the said lands in the manner, to the persons and for the terms in the said writing set forth and to which this statement is attached.

"I commend and approve the instrument so made between my said children, John and Felicite, as correctly stating the understanding and agreement made between all of us at the time the deeds were so made. The above mentioned conveyances really being the completion of an understanding between the three of us some years before the deeds were made and shortly after the death of their Father.

"I confirm and approve the said deeds I made to them and each of them and commend their covenants as they have in the foregoing instrument reduced them to writing."

As a result of this agreement it was alleged in the amended answer, and it is here contended, that John G. Oglesby and Louise Felicite Oglesby Cenci took title to the property in trust under the deeds executed by Emma Gillett Oglesby on April 3, 1922; that the conditions of the trust rested upon the verbal understanding between the parties at the time said deeds were executed; that such understanding was thereafter reduced to writing and incorporated in said instrument and the approval thereon of Emma Gillett Oglesby; that the grantees only took title in trust for the purpose of carrying out the understanding and agreement of the parties to the deeds, as afterwards incorporated and set forth in said written instrument. It is further contended that having acquired title to the land involved, only in trust, the grantees in said deeds were not, by the provisions of the will of Emma Gillett Oglesby, put to their election; that the title so held by them in trust was not affected by the will of Emma Gillett Oglesby, or by their acceptance of any of the provisions of said will; that notwithstanding his acceptance of the benefits of other provisions of the will of Emma Gillett Oglesby, John G. Oglesby held title to that portion of the land conveyed to him by the deed of April 3, 1922, for the purpose of carrying out the provisions of said written agreement.

The trial court entered a decree in accordance with the prayer of the complaint. Augusta Smith Oglesby, individually and as executrix of the last will and testament of John G. Oglesby, deceased, and Louise Felicite Oglesby Cenci, individually and as trustee under the last will and testament of John G. Oglesby, deceased, perfected this appeal.

Upon the record here presented our attention must first be directed to the question of a lack of necessary parties,

raised by appellants. By paragraph 17 of their amended answer appellants alleged that certain other children or descendants of John D. Gillett, deceased, were interested in the subject matter of the suit and were necessary parties. The names of such absent parties were set out in that paragraph of the answer. The interest of such parties did not appear until the contract between John G. Oglesby and Louise Felicite Oglesby Cenci of April 22, 1925, was disclosed by the amended answer which was filed after the taking of evidence was practically concluded. This contract had never been recorded. It is said in the argument that its existence was known only to appellants and that they secreted the existence of such contract from the court and from counsel for the plaintiffs, until the hearing was concluded. Plaintiffs, by their reply to the amended answer, denied that paragraph of the answer. The issue as to whether the additional parties, disclosed by the amended answer, were necessary parties to the suit, was thus squarely presented to the trial court. Regardless of the fact that appellants might be subject to the criticism made against them for concealing said instrument until the hearing was practically concluded, and then, by the amended answer, completely changing their defense and their claims to the title to the land in question, its effect on the rights of the parties could not be ignored. Neither could the rights of any other persons who were not parties to the suit, be disregarded. If there were persons who were not made parties to the suit and who were substantially interested in the subject matter, or the result, the court could not proceed to a final decree in the absence of such parties.

The rule in chancery pleading and practice is that all persons who are legally or equitably interested in the subject matter and the result of the suit must be made parties. The interest, however, must be a present substantial interest as distinguished from a mere expectancy or future contingent interest. (*Schumacher* v. *Klitzing,* 353 Ill. 530;

*Green* v. *Grant,* 143 Ill. 61.) It is a general rule of equity that all persons should be made parties who are legally or beneficially interested in the subject matter of the litigation, and who will be affected by the decree, so as to enable the court to dispose of the whole controversy. (*Riley* v. *Webb,* 272 Ill. 537.) If the lack of parties is brought to the attention of the court, be it one of original or appellate jurisdiction, the court should not proceed further in the matter until the omission has been corrected, even though no objection is made by any party litigant. *London & Lancashire Indemnity Co.* v. *Tindall,* 377 Ill. 308; *Texas Co.* v. *Hollingsworth,* 375 Ill. 536; *Abernathie* v. *Rich,* 229 Ill. 412; *Gerard* v. *Bates,* 124 Ill. 150.

Where a party has been omitted whose presence is so necessary that a final decree cannot be entered without necessarily affecting his interest, the court should not proceed to a decision of the case on the merits. The objection may be made by a party at the hearing, and the court will, upon its own motion, take notice of the omission and require the omitted party to be made a party to the litigation, even though no objection is made by any of the parties to the litigation. (*Hauser* v. *Power,* 351 Ill. 36; *Stripe* v. *Yager,* 348 Ill. 362; *Hansen* v. *Swartz,* 345 Ill. 609; *Mortimore* v. *Bashore,* 317 Ill. 535; *McMechan* v. *Yenter,* 301 Ill. 508.) The objection may be made by a party at the hearing or on appeal or error, and the court will, upon its own motion, take notice of the omission and require the omitted party to be made a party. (*Gaumer* v. *Snedeker,* 330 Ill. 511.) The objection of the nonjoinder of indispensable parties may be taken at the hearing or on appeal or error. (*Krueding* v. *Chicago Dock Co.* 285 Ill. 79.) This rule is inflexible, yielding only when the allegations of the bill disclose a case so extraordinary and exceptional in character as that it is practically impossible to make all parties in interest parties to the suit, and further, that others are made parties who have the same in-

terest as have those not brought in, and are equally certain to bring forward the entire merits of the controversy as would the absent persons. *Knopf* v. *Chicago Real Estate Board,* 173 Ill. 196.

Appellees do not question these rules of law. They meet the proposition with the statement that the existence of the agreement of April 22, 1925, was not disclosed by the defendants until the trial had been concluded. From this it is argued that appellants are not now in a position to successfully raise the question of the absence of necessary parties. In support of this argument they rely on *Chicago, Burlington and Quincy Railroad Co.* v. *Commerce Com. ex rel. B. of R. T.* 364 Ill. 213; *Boddiker* v. *McPartlin,* 379 Ill. 567; *Gulick* v. *Hamilton,* 287 Ill. 367. These cases do not sustain their position. The case of *Chicago, Burlington and Quincy Railroad Co.* v. *Commerce Com.* involved an order of the Commerce Commission directing a railroad company to construct a stairway to enable employees to reach a yard office, so as to avoid crossing a number of tracks, on an embankment. The question of a defect of parties was raised because the city of Chicago was not a party to the record. It was contended that before the stairway which was ordered to be constructed by the commission, could be built, a permit would have to be issued by the city of Chicago, under its ordinances; that the order of the commission would not be binding on the city of Chicago, which was not a party to the suit, and that the railroad company could not be compelled by the commission to construct the stairway, without such permit. It was held by this court that the city of Chicago was not a necessary party because it was not alleged or claimed that the city would refuse to issue the permit. The rights of the city were in no way affected by the order complained of.

In the case of *Boddiker* v. *McPartlin,* 379 Ill. 567, the appeal was from a decree for partition of certain real estate. It was claimed that certain tenants in possession

and judgment creditors of certain bondholders were necessary parties defendant. By his answer the defendant did not set forth the interests or give the names of the parties to whom the reference was made in the answer. The complaint specifically set out the names of all persons alleged to have or claim any interest in the property and alleged that no other persons had any right, title or interest therein. This averment was not positively denied by the defendant in his answer. His denial was evasive and indirect. It was held that the alleged omitted parties were not deprived of any legal rights by the decree and that they were not indispensable.

The case of *Gulick* v. *Hamilton,* 287 Ill. 367, was a suit for an injunction against the owner of property to prevent him from building an addition to a building, extending into, what was alleged to be, a public alley. The point was made that the holder of a mortgage on the property was not a party to the suit. The court said that the suit for injunction was personal against the defendant, the mortgagee was not erecting the building, or participating in it, and had no present interest to be affected by the decree; that if the defendant should be permitted to improve the mortgaged property by extending his building over the ten-foot strip in question, the security would be increased; that the mortgagee had no interest therein and was not a necessary party. The court, in the course of the opinion, reiterated the well-known rule that "If the interest of an omitted party in the subject matter of a suit and the relief sought is so bound up with that of the other parties that his presence is an absolute necessity the court will reverse the decree, not on account of the defendant who makes the objection for the first time on appeal but because no effective decree can be made." These cases do not sustain the contentions of appellees on this record.

In determining whether the absent parties in this case had a substantial interest in the subject matter of the liti-

gation, reference must be had to the contract of April 22, 1925. In considering that instrument it should be kept in mind that, under the amended answer, appellants claimed that by the deeds of April 3, 1922, title to the property involved was conveyed to John G. Oglesby and Louise Felicite Oglesby Cenci, in trust; that the parol agreement constituting the trust was reduced to writing in the agreement of April 22, 1925, between John G. Oglesby and Louise Felicite Oglesby Cenci and which agreement was approved by Emma Gillett Oglesby on that date. The interest of absent parties must be determined by the issues presented by the pleadings and the evidence and not by the final decision in the case. The mere fact that the court decides the issues in such a way that the absent parties would have no interest in the subject matter of the suit does not control. Such parties, if they have, or might claim, a substantial and present interest, under the issues involved, are entitled to be heard. They are entitled to be present and to participate in the litigation of all questions affecting such interest. Here it was claimed that the omitted parties were beneficiaries of the trust sought to be established by appellants.

From the instrument executed on April 22, 1925, it appears that John G. Oglesby and Louise Felicite Oglesby Cenci acknowledged that they acquired title under the deeds, only for the purposes set forth in that instrument. By that instrument John G. Oglesby covenanted and agreed with his sister that he would "make and execute a last will and testament and by its terms give, devise and bequeath to Felicite Oglesby Cenci Bolognetti, for and during her natural life, with the remainder in fee to some child, children or descendants of a child or children of John D. Gillett, deceased * * *" all of the lands conveyed to him by the deed from Emma Gillett Oglesby, dated April 3, 1922. By the instrument Louise Felicite Oglesby Cenci made a like covenant to John G. Oglesby, as to the lands

conveyed to her by the deed of Emma Gillett Oglesby, on April 3, 1922. By a separate paragraph they mutually covenanted as follows: "Each of the parties hereto do expressly covenant and agree with the other that the survivor of them will, after the death of the other, by deed convey or by will devise all lands to them conveyed under the above mentioned deeds to them and each of them made, executed and delivered by Emma Gillett Oglesby, to some child, children or descendant of child or children of John D. Gillett, deceased, therein and thereby vesting in said child, children or descendant of a child or children of said John D. Gillett, deceased, the title in fee simple to the lands by him or her so possessed under the deed from Emma Gillett Oglesby." This agreement and all of the covenants therein contained was approved by Emma Gillett Oglesby as expressing the terms of the alleged trust under which said deeds were made by her. The amended answer alleged that the omitted parties were children and descendants of children of John D. Gillett, deceased.

Obviously, if the alleged trust be sustained, both John G. Oglesby and Louise Felicite Oglesby Cenci were obligated to give, devise and bequeath to the survivor, for life, the property conveyed to them by the deeds, with remainder in fee to some child, children or descendants of a child or children of John D. Gillett. By the above-quoted paragraph of the instrument the survivor was obligated to convey by deed, or devise by will, all of the lands described in both of said deeds, to some child, children or descendants of a child or children of John D. Gillett, deceased, in such manner as to vest title, in fee simple, to such lands, in such child, children or descendants of a child or children of John D. Gillett.

Under the plain provisions of this agreement each of the parties thereto was given the limited power to appoint the remainder interest in fee among the children or descendants of a child or children of John D. Gillett. They

could neither convey by deed, nor devise by will, any portion of said lands to one not belonging to this class. As to the lands conveyed to John G. Oglesby by the deed of April 3, 1922, it was alleged that he failed to exercise this power. As to the lands conveyed to Louise Felicite Oglesby Cenci, if the alleged trust be sustained, she would have the right, under that instrument, to either convey by deed, or devise by will, the lands conveyed to her by the deed of April 3, 1922, to any child, children or descendants of a child or children, of John D. Gillett. She could distribute the fee in the lands described in her deed among the members of that class in whatever manner she might determine. It is a limited power of appointment which could only be exercised in accordance with said instrument. If the trust is sustained, no determination could be made at this time as to where the title to the lands conveyed to her will ultimately go until it has been determined in what manner she may exercise the power of appointment, or whether she exercises it at all.

Nevertheless, if the trust be sustained, so far as the lands conveyed to John G. Oglesby by the deed from Emma Gillett Oglesby, dated April 3, 1922, are concerned, if he failed to exercise the power of appointment, the title to that property is now vested. John G. Oglesby took only a life estate therein with a limited power of appointment. He had the right to devise by will a life estate therein to his sister Louise Felicite Oglesby Cenci. He had the further right to distribute the remainder in fee simple to some child, children or descendants of a child or children of John D. Gillett. Whether he did exercise the power of appointment, by his will, is one of the controverted issues in the case. If he did not, then every member of the class would have a claim to a present vested interest in the remainder. The rule is well settled that where there is a power of appointment, limited to a class, and the power is not exercised, the court will distribute

the subject matter of the gift to all of the members of the class *per capita.*

If the power is left unexecuted by the donee, the court will execute it as a trust by dividing the fund equally among the objects or persons in favor of whom it was given, or from whom the selection might have been made, on the ground that equality is equity. If there is no rule in the gift which can apply to determine the proportions, the court will make the distribution *per capita* and everybody within the rule will take equally, as tenants in common. *Wetmore* v. *Henry,* 259 Ill. 80.

A power of appointment is not an absolute right of property, nor is it an estate, for it has none of the elements of an estate. The donor does not vest title to the property in the donee of the power, but simply vests in the donee power to appoint the one to take the title. The appointee under the power takes title from the donor and not from the donee of the power. *People* v. *Kaiser,* 306 Ill. 313; *Christy* v. *Pulliam,* 17 Ill. 59.

From the foregoing analysis of the agreement of April 22, 1925, it is apparent that if a trust was created by the deeds of Emma Gillett Oglesby to John G. Oglesby and Louise Felicite Oglesby Cenci on April 3, 1922, John G. Oglesby only took title in trust to the land conveyed to him with a limited power of appointment among the children and their descendants of John D. Gillett, deceased. If he failed to exercise the power, equity will distribute the subject matter of the gift among all the members of the class to which it was limited, *per capita.* This being true, all of the children and descendants of children of John D. Gillett, deceased, would be equally interested in the alleged trust. They were necessary and indispensable parties to the suit, for the reason that each was substantially interested in the subject matter and in the result.

We are, therefore, clearly of the opinion that when the instrument of April 22, 1925, was called to the attention

of the court by the amended answer, the court should, of its own motion, have suspended all further proceedings in the cause until all of the parties interested in the subject matter of the alleged trust were made parties and properly brought before the court. They were entitled to be heard and to participate in litigating the issue as to whether such instrument, when construed in connection with the deeds of April 3, 1922, created a trust, and all other issues in which they were interested. It is equally obvious that if the grantees in those deeds took title only in trust, the acceptance by them of other provisions of .the will of Emma Gillett Oglesby did not constitute an election or affect the title held by them to the property conveyed by those deeds.

Anything said in this opinion should not be construed as an expression of this court on the question of whether or not such trust did, in fact, exist. We are considering the matter solely on the question of whether the existence of such trust was an issue, for the sole purpose of determining whether the necessary parties were before the court. Whatever may be the ultimate decision as to whether such trust existed, all parties interested therein as beneficiaries, if the alleged trust should be sustained, are necessary and indispensable parties to the suit. Neither are we to be understood as expressing any opinion upon any other issue or question in the case.

Here, we have a case where the court below litigated and determined, by its decree, that no such trust existed. Only a part of the beneficiaries of the alleged trust were before the court. The decree is binding only on those beneficiaries who were parties to the suit. As said by this court in *Gulick* v. *Hamilton, 287* Ill. 367, the interest of the omitted parties in the subject matter of the suit and the relief sought is so bound up with that of the other parties that the presence of the omitted parties is an abso-

lute necessity, in order that a final decree disposing of the subject matter of the litigation may be entered.

For the above reasons, we are compelled to reverse the decree of the circuit court of Logan county for lack of necessary and indispensable parties. The decree is reversed and the cause is remanded to that court. The court should permit any or either of the parties to make any amendments to their pleadings which they may desire, by making additional parties or otherwise. The court should also direct that all persons interested as beneficiaries in the alleged trust, in the event the trust is sustained, be brought before the court as parties, and take such other and further proceedings, in due course, as to law and justice shall appertain.

*Reversed and remanded, with directions.*