CHARLES F. GERARD

*v.*

ERASTUS W. BATES.

*Filed at Springfield March 28, 1888.*

1. PARTNERSHIP—*execution against individual partner—of the mode of satisfaction out of the partnership effects.* In the case of an execution against one partner, when satisfaction is sought out of partnership property, the proper mode is to levy upon and sell all the debtor partner's interest in the whole of the partnership effects, and not on specific articles of the partnership property.

2. Where the entire interest of a partner in the partnership assets is levied upon and sold, the purchaser at the sheriff's sale, on a bill for an account, will be entitled to a decree for one-half of the proceeds of the entire partnership property; but when a partner's interest in certain specific articles of personal property, only, is sold under execution, it will be error to decree to the purchaser the entire interest of the debtor partner.

3. PARTIES—*on bill by execution purchaser of one partner's interest, to settle up partnership.* Where certain specific articles of partnership property have been sold on execution against one partner, on bill by the purchaser to settle and adjust the partnership affairs, and for a sale of the partnership property and a distribution of the proceeds, the debtor partner whose property was sold is an indispensable party, in order to make the decree binding on all.

4. PRACTICE—*omission of parties, in chancery—time and mode of objecting.* It is the usual and better practice, where the want of proper parties is apparent on the face of the bill, to take advantage of it by demurrer or motion to dismiss, or if not patent, by plea or answer.

5. Where the parties omitted are merely formal parties, and not indispensable to a decision of the case upon its merits, it will be too late to make the objection at the hearing; but where the rights of the parties not before the court are intimately connected with the matter in dispute, so that a final decree can not be made without materially affecting their interests, the objection may be taken at the hearing, or on appeal or error.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Logan county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Messrs. BEACH & HODNETT, for the appellant:

Gerard was not estopped, as against Bates, to insist upon his contract with Danley, because Bates was not induced, by the statements of Gerard, to purchase the Harts judgments. Bigelow on Estoppel, 552; *Powell* v. *Rogers*, 105 Ill. 318; *Dinet* v. *Eilert*, 19 Bradw. 99; 6 Wait's Actions and Defences, 685; *Ball* v. *Hooten*, 85 Ill. 161; *Hefner* v. *Vandolah*, 57 id. 520; *Flower* v. *Elwood*, 66 id. 447; *Chandler* v. *White*, 84 id. 435.

All persons indispensable to a decision upon the merits must be made parties to the bill, and the objection may be taken at the hearing, or on appeal or on error. *Prentice* v. *Kimball*, 19 Ill. 323; *Spear* v. *Campbell*, 4 Scam. 426; *Bank* v. *Sperling*, 113 Ill. 273; *Alexander* v. *Hoffman*, 70 id. 114; *Rosenstiel* v. *Gray*, 112 id. 282.

A purchaser at an execution sale of a partner's interest in property of the firm, for the individual debt of partners, takes only the actual interest of the partner therein as he held it at the time of the levy and sale. *Chandler* v. *Lincoln*, 52 Ill. 74; *Rainey* v. *Nance*, 54 id. 29; Herman on Executions, sec. 358, p. 544; 1 Story's Eq. Jur. sec. 677; *Lewis* v. *Harrison*, 81 Ind. 278; *Tarbel* v. *Bradley*, 7 Abb. 273; *Thompson* v. *First*, 15 Md. 24; *Menagh* v. *Whitwell*, 52 N. Y. 146; *Buchan* v. *Sumner*, 2 Barb. Ch. 165; Collyer on Partnership, sec. 825.

The sale of the interest of a co-partner under execution against him, for an individual debt, does not transfer any

part of the joint property to the vendee. It gives him only a right, in equity, to call for an account. 1 Story's Eq. Jur. sec. 677; *Barett* v. *McKinzie*, 24 Minn. 20; *Lothrop* v. *Wightman*, 41 Pa. St. 297; *Reinheimer* v. *Hemmingway*, 35 id. 432; *Wilson* v. *Strobach*, 59 Ala. 488.

It is not an interest in any particular piece of property, but in the firm assets, after the settlement, that is liable for a partner's separate debt. *Atwood* v. *Meredeth*, 37 Miss. 635.

Mr. E. LYNCH, and Messrs. BLINN & HOBLETT, for the appellee, contended that the objection for want of parties comes too late, and that as Danley was not complaining of the decree, the appellant could not assign for error a matter affecting Danley alone.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

On April 21, 1885, Charles F. Gerard and Isaac Wert were the owners of a livery stable stock and business in Lincoln, in this State, in partnership, doing business under the firm name of Wert & Co., Gerard's interest being three-fourths and Wert's one-fourth. On that day Gerard sold to one James H. Danley an undivided half interest in the livery stock of Wert & Co., for a half section of land in Nebraska, taken at the valuation of $3200, Danley guaranteeing that the actual cash value of the land would be, in eighteen months thereafter, $3200, and that if not of that value, he agreed to pay to Gerard the difference between such sum and the value then, out of said livery stock. On the same date, and as a part of the same transaction, Gerard, Danley and Wert entered into a partnership to conduct said livery business, and did carry on the same for a while. On June 17, 1885, two executions against Danley, for $621.25 and costs, and $148.56 and costs, respectively, issued on judgments against him individually, in favor of one Harts, were levied upon the interest of Danley in certain enumerated

articles of personal property of the partnership, in the livery stable. The property so levied upon was duly sold, and the appellee, Bates, who, in the meantime, had purchased the judgments from Harts, became the purchaser at the sale, for $769.91. Bates, on August 21, 1885, filed his bill of complaint herein, against Wert and Gerard, alleging that he became, by said purchase, the absolute owner of an undivided one-half interest in said property; that Wert and Gerard refused to recognize his ownership, and praying for an account and the appointment of a receiver. The defendants, by their answer, deny that the complainant is the absolute owner of an undivided one-half interest in the property, set up the contract with Danley as to the land, and aver that Danley's interest in the property could not be ascertained until eighteen months after April 21, 1885, and that said time had not expired. A receiver was appointed, who made sale of the property of the firm. The net amount of the assets of the firm was found to be $1780.71, which the decree of the court divided as follows: To complainant, Bates, $890.35, to the defendant Gerard, $445.18, and the same to the defendant Wert. No costs were adjudged against Bates, but they were ordered to be paid, three-fourths by Gerard, and one-fourth by Wert. It appeared from the evidence, that on the 1st day of October, 1886, the Nebraska land was worth from four to five dollars per acre, and that Gerard was still the owner. The decree was affirmed by the Appellate Court for the Third District, and the defendant Gerard alone appeals to this court.

The decree is claimed to be erroneous in two particulars: One, in that the decree allows Bates a half of certain assets of the partnership that were not levied upon and sold under the executions; and the other, the disallowance of Gerard's claim against Danley's interest in the event that the value of the Nebraska land should not be $3200 at the expiration of eighteen months from April 21, 1885. The Appellate Court disposed of this last objection, on the ground that Gerard, by

the representations he had made to Bates before his purchase, as to the value of Danley's interest, and the encouragement he had given him to buy the judgments, was estopped, as against Bates, to insist upon his contract with Danley. We do not find it necessary to consider this question, as we think there is error in the respect first above mentioned, which requires a reversal of the decree.

The decree seems to have proceeded upon the theory that the sale on the executions was of the interest of Danley in all the partnership property, whereas it was a sale of his interest in only a part of the property. The executions were levied on Danley's interest in certain specific articles of the partnership property, particularly enumerating them. There were $279.45 of book accounts of the firm, and some hay, oats and other property of the firm, to the amount of $70, which were not levied upon and sold under the executions; and yet, by the decree, Bates is allowed to share in this property of the firm not levied on and sold, as assets of the partnership, giving to him, as his one-half thereof, $174.72, which he clearly was not entitled to. There was allowed to Bates, by the decree, the whole interest of Danley, which remained upon the final adjustment of the partnership concerns. That interest Bates did not acquire by his purchase under the executions. He might have acquired it had there been a proper and different levy and sale, viz., of Danley's partnership interest, or of his interest in the whole of the partnership property. But it was here only a part of Danley's partnership interest which was levied upon and sold,—his interest in certain specific articles of partnership property, which were only a part of the partnership property. That in such a case of an execution of a separate creditor against only one of several partners, the proper mode is to levy upon and sell the debtor partner's interest in the whole of the partnership effects, and not in specific articles of the partnership property, see 1 Lindley on Partnership, 710;

Parsons on Partnership, 352; Freeman ·on Executions, secs. 125, 254; *Sirrine* v. *Briggs,* 31 Mich. 443.

But it is insisted that Gerard has got his full share, and there is no error which he can complain of,—that it is no cause of complaint to him that Bates receives more than he is entitled to. It is true that Gerard seems to get, by the decree, his full one-fourth share; but does it not concern him that Bates, in this accounting, is allowed more than he is entitled to receive,—the whole of Danley's interest, instead of the part of that interest which he bought? Danley is not a party, and the accounting here will not be conclusive as to him. If the decree remains, Danley may file his bill and subject Gerard to another accounting, where Danley may be allowed for his unsold interest in the co-partnership. Gerard should be subjected to the liability of but one accounting, and Danley should have been made a party to this suit, so that ·there would be need for only one account to be taken,—the one taken here,—which would be final and conclusive between all the co-partners, and Bates.

As the objection of Danley not being made a party does not appear to have been taken before, but to be made in this court for the first time, it is insisted that it comes too late. In *Prentice* v. *Kimball,* 19 Ill. 323, it was said: "It is the usual and better practice, where the want of proper parties is apparent on the face of the bill, to take advantage of it by demurrer or motion to dismiss, or if not patent, by plea or answer. Where the parties omitted are mere formal parties, and not indispensable to a decision of the case upon its merits, it will be too late to make the objection at the hearing; but where the rights of the parties not before the court are intimately connected with the matter in dispute, so that a final decree can not be made without materially affecting their interests, as in this case, the objection may be taken at the hearing, or on appeal, or on error. Courts will, *ex officio,* take

notice of such omission, and rule accordingly." And see *Spear* v. *Campbell,* 4 Scam. 426.

We think Danley was a necessary party, and that the objection on that account does not come too late, although made for the first time upon this appeal.

The judgment and decree of the courts below will be reversed, and the cause remanded to the circuit court of Logan county for further proceedings, with leave to the complainant to amend the bill and make James H. Danley a party defendant.

*Judgment reversed.*