MICHELE RUSSO vs. ARTHUR B. CHAPIN.

Suffolk.    December 2, 1907. — December 31, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Equity Jurisdiction,* Remedy at law, Multiplicity of suits.    *Bond.    Practice, Civil.*

A bill in equity for the cancellation of a bond given to the treasurer and receiver
  general of the Commonwealth under St. 1905, c. 428, by the plaintiff, who is
  engaged in the business of selling steamship tickets for transportation to and
  from foreign countries and, in conjunction therewith, in the business of receiv-
  ing deposits of money for the purpose of transmitting the same or equivalents
  thereof to foreign countries, which is conditioned upon the plaintiff faithfully
  holding and transmitting any money or the equivalent thereof delivered to him
  for transmission, cannot be maintained on allegations of unconstitutionality of the
  statute and of liability of the plaintiff to be subjected to a multiplicity of vexa-
  tious actions upon the bond which would be avoided by a decree in the equity suit
  declaring the statute unconstitutional, since the question of the constitutionality
  of the statute may be raised once for all in any action upon the bond, and a de-
  cision that the bond is invalid could be pleaded in bar to the prosecution of
  any and all other actions thereon, and, therefore, the plaintiff has a complete and
  adequate remedy at law.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk April 2, 1907, for the cancellation of a bond given by the plaintiff and a surety to the receiver general of the Commonwealth under the provisions of St. 1905, c. 428.

The bill alleged that the plaintiff was engaged in Boston in the business of selling steamship tickets for transportation to and from foreign countries, and, in conjunction therewith, in the business of receiving deposits of money for the purpose of transmitting the same, or equivalents thereof, to foreign coun-tries; that, in accordance with St. 1905, c. 428, he and a surety executed and delivered to the defendant as treasurer and receiver general of the Commonwealth, a bond, the condition of which was that the plaintiff should faithfully hold and transmit any

money, or equivalent thereof, which should be delivered to him for transmission to a foreign country ; that the plaintiff was informed and believed that said statute was wholly unconstitutional and void, and that the bond so filed was wholly void and without force in law; but that he feared that he might be sued in many vexatious actions upon the bond, which actions might be brought a long time hence, and he might be obliged to expend large sums in defending himself therein, and that the issue in each and all of such actions respecting the validity of said bond might be determined finally and conclusively in these proceedings ; that, by reason of the provisions of said act, he was obliged to furnish a surety on the bond and to insure the engagement of such surety so long as he engaged in such business, under penalty of being subject to criminal prosecution should he fail to do so ; that he had been and would be obliged to pay such surety, furnished and to be furnished, large premiums.

The prayer of the bill was that the said act might be declared unconstitutional and of no effect, and that the bond might be declared void, and that the defendant might be ordered to surrender up and cancel the bond.

The defendant moved to dismiss the bill, and demurred. There was a hearing before *Loring*, J., who reserved the case for determination by the full court.

*W. P. Murray*, for the plaintiff.

*D. Malone*, Attorney General, & *F. T. Field*, Assistant Attorney General, for the defendant.

MORTON, J.    This is a bill for the cancellation of a bond given by the plaintiff pursuant to the provisions of St. 1905, c. 428, on the ground that the statute is unconstitutional and the bond, therefore, void.  It is clear that the question of the unconstitionality of the statute can be raised in an action on the bond, and that the plaintiff has, therefore, a remedy at law. The plaintiff, however, insists that the remedy at law is not adequate or complete because he may be subjected to a multiplicity of vexatious suits.   But the question of constitutionality may be raised once for all in any action upon the bond, or, if a number of actions are brought at the same time, it can be raised in all of them, and a decision in the plaintiff's favor on the question of constitutionality in any one action can be pleaded

in bar to the prosecution of any and all other actions upon the bond.

There is no doubt that, since St. 1877, c. 178, this court has full equity jurisdiction and that, by virtue thereof, it has power in cases of fraud to declare an instrument void and to compel its cancellation and delivery. *Gargano* v. *Pope*, 184 Mass. 571. But this is not such a case. There is no doubt, also, about the jurisdiction of this court in a case involving a multiplicity of suits. But this is not a case to which that doctrine applies. If the statute is constitutional, the plaintiff is liable for separate and independent breaches of the bond, and, as already observed, a judgment in the plaintiff's favor on the question of constitutionality in one action will settle all others. The result is that the demurrer must be sustained and the bill dismissed. It is not necessary to consider the motion to dismiss.

*Demurrer sustained; bill dismissed.*