TRI-MOR BOWL, INC., Plaintiff-Appellee, v. BRUNSWICK CORPORATION, Defendant-Appellant.

Fifth District   No. 76-380

Opinion filed August 2, 1977.

James H. Bandy, of Listeman, Bandy & Hamilton, of Belleville, for appellant.

Maurice Dailey, of Dailey and Walker, of Granite City, for appellee.

Mr. PRESIDING JUSTICE CARTER delivered the opinion of the court:

This is an appeal by the defendant Brunswick Corporation (Brunswick) from an order of the Circuit Court of Madison County in a declaratory judgment action in favor of the plaintiff Tri-Mor Bowl, Inc. (Tri-Mor), finding that Brunswick, as Tri-Mor's tenant and operator of a bowling center on a 2.94-acre lot known as Tract 1, has no rights in and to an adjacent 100- by 600-foot portion known as Tract 2 other than the right of ingress and egress.

In 1960 Henry Ross, president and sole stockholder of Tri-Mor, owned two parcels of land referred to herein as Tracts 1 and 2. The bowling alley is situated on Tract 1, which has no access to a public street. The equipment in the bowling alley had been purchased from Brunswick pursuant to a conditional sales agreement. Tract 2 is a 100-foot-wide strip of land adjacent to Tract 1 extending from Nameoki Road, a public street, for 600 feet to a point well beyond and West of Tract 1.

Ross operated the bowling alley on Tract 1 until 1965, when, faced with the business' financial difficulties and unable to make the payments which were due to Brunswick under the conditional sales agreement, he leased the bowling alley to Brunswick as an alternative to their repossessing the bowling equipment. A settlement agreement was executed under which Tri-Mor was to pay Brunswick $100,000 in settlement of the deficiency on the equipment contracts, and Brunswick leased the bowling alley to operate it under their own management. To secure the $100,000, a mortgage was executed on the leased property.

The lease, which is the source of the controversy, describes the land and

parking area involved as that which is outlined on a plat attached to the lease as Exhibit A. The plat was never attached to the lease; however, the legal description in the mortgage on the leased property describes only Tract 1. The lease also provided that the possible widening of Nameoki Road up to 30 feet by eminent domain will not interfere with the conduct of Brunswick's business operation, and that Tri-Mor warrants the continued availability of the existing or a comparable means of ingress and egress. Tract 2 is the only property involved which borders Nameoki Road and serves as the access from that public street to the bowling alley.

Brunswick contends that the parties' conduct during the lease negotiations demonstrated an intention to include, and that the agreement itself included, Tract 2 as a parking lot necessary for the operation of the bowling alley on Tract 1, while Tri-Mor maintains that the lease covered only Tract 1. Historically, Tract 2 has been used as a parking facility for the customer parking which overflowed from the limited parking space available on Tract 1. Henry Ross had used Tract 2 for this purpose prior to 1965 when he operated the bowling alley, and until 1973 never objected to Brunswick's use of the tract for overflow parking by its patrons. The evidence also shows that Ross used the extreme west end of Tract 2 for a car-wash establishment which he operated before and from the time the lease was executed until he sold the tract to the K-Mart Corporation in January 1973, prior to instituting this cause of action on July 16, 1974. K-Mart owns a separate tract of land not in dispute here, which lies adjacent to the west end of Tract 2, and upon which it has constructed a retail outlet. As far as can be determined from the record, Tract 2 provides the sole means of ingress and egress for K-Mart. From this conveyance, Ross retained an easement in Tract 2 to provide him access to other property which he owned to the west of Tract 1. The easement reserved in Ross the right to construct fencing or curbing along the border of Tracts 1 and 2, and prohibited parking on Tract 2. Shortly after the sale a large "K-Mart" sign was constructed on Tract 2, and Ross installed a line of concrete bumpers along the boundary line between Tracts 1 and 2, which had the effect of obstructing overflow parking by the bowling alley's patrons on Tract 2. Ross also informed Brunswick that Tract 2 was now part of K-Mart and no longer available to them for parking. To settle the disagreement which ensued from these actions, Ross, in the name of Tri-Mor, filed this declaratory judgment suit seeking to have the court determine the rights of the parties in and to Tract 2. After an extensive hearing on the issues by the court, without a jury, it was adjudged that Brunswick had no rights in and to Tract 2 other than the right of ingress and egress to Tract 1.

On appeal from this order, Brunswick maintains that the finding of the trial court was against the manifest weight of the evidence, and

alternatively, that the trial court erred in denying Brunswick's cross-complaint prayer for a reformation of the lease on the ground of a mutual mistake by the parties in its execution.

While not raised by Brunswick or Tri-Mor either in the trial court or now on appeal, it is paramount to note that K-Mart was not made a party to this action. In fact, the court below in its order specifically stated "the only rights determined and considered are those of these parties and the Court does not effect or attempt to adjudicate the rights or duties of any parties not included in this suit." Nevertheless after a thorough examination of the record before this court and upon consideration of the issues to be determined, we are persuaded that the presence of K-Mart as a party to this action was indispensable to the determination of this case upon the merits, and that the court below should not have proceeded to a final decree in its absence.

■■■ There are a wealth of decisions by the reviewing courts in Illinois which deal with the result of the omission of a party whose presence is indispensable to a decision of the case. In *Oglesby v. Springfield Marine Bank*, 385 Ill. 414, 52 N.E.2d 1000 (1944), the Illinois Supreme Court set out the rules applicable to the joinder of necessary or indispensable parties as follows:

> "It is a general rule of equity that all persons should be made parties who are legally or beneficially interested in the subject matter of the litigation, and who will be affected by the decree, so as to enable the court to dispose of the whole controversy. *Riley v. Webb*, 272 Ill. 537, 112 N.E. 340. If the lack of parties is brought to the attention of the court, be it one of original or appellate jurisdiction, the court should not proceed further in the matter until the omission has been corrected, even though no objection is made by any party litigant. *London & Lancashire Indemnity Co. v. Tindall*, 377 Ill. 308, 36 N.E.2d 334; *Texas Co. v. Hollingsworth*, 375 Ill. 536, 31 N.E.2d 944; *Abernathie v. Rich*, 229 Ill. 412, 83 N.E. 308; *Gerard v. Bates*, 124 Ill. 150, 16 N.E. 258, 7 Am. St. Rep. 350."

In the instant case there can be no question but that K-Mart's present interests will be materially affected by the outcome of this suit. It is now and was at the inception of this suit the legal owner of the tract of land in question. Moreover, the fact that the lower court decided the issues in such a way that K-Mart's interests were not detrimentally affected does not control. (*Glickauf v. Moss*, 23 Ill. App. 3d 679, 684, 320 N.E.2d 1000.) The necessity of joinder of parties must be determined by the issues presented by the pleadings and evidence and not by the final decision in the case. *Ogelsby v. Springfield Marine Bank; McDonald's Corp. v. Smargon*, 31 Ill. App. 3d 493, 334 N.E.2d 385.

■■ In determining that the decree of the lower court must be reversed due to the absence of K-Mart, we are mindful of what has come to be known as the "doctrine of representation," which has developed as an exception to the ordinarily inflexible rule of the need to join all parties in interest. This doctrine was recently discussed and applied by this court in *Moore v. McDaniel*, 48 Ill. App. 3d 152, 362 N.E.2d 382, wherein it was stated:

> "The rule requiring joinder of indispensable parties is not applied when a party, though not before the court in person, is so represented by others that his interest receives actual and efficient protection. (*Mortimore v. Bashore*, 317 Ill. 535, 148 N.E. 317 (1925); *Cales v. Dressler*, 315 Ill. 142, 146 N.E. 162 (1925); *Cody Trust Co. v. Hotel Clayton Co.*, 293 Ill. App. 1, 12 N.E.2d 32 (2d Dist. 1937); *Glickauf v. Moss*, 23 Ill. App. 3d 679, 320 N.E.2d 132 (1st Dist. 1974); *Boghosian v. Mid-City National Bank of Chicago*, 25 Ill. App. 2d 455, 167 N.E.2d 442 (1st Dist. 1960).) This so-called "doctrine of representation" applies where persons are before the court who have the same interests, and will be equally certain to bring them forward and protect them, as those of persons not before the court."

Under the facts of this case we find the doctrine is not applicable. First, it is readily apparent that Tri-Mor's present interest in Tract 2, as the holder of an easement, is certainly not equal in value to that of K-Mart as owner of the property. Moreover, if Brunswick were to succeed in its claims that the original lease included Tract 2, then K-Mart's estate would be something other than it bargained for when Tri-Mor sold the tract to it. In that event another aspect of the whole controversy would arise. Indeed, K-Mart might then be entitled to part of the rental monies collected under that agreement. Also, if it were determined that a reformation of the lease was necessary, as cross-claimed by Brunswick, then K-Mart would of necessity be a party to that lease. Considering these matters from the nature of the case as framed by the pleadings and the evidence, as we are constrained to do, the interests of K-Mart could well not only not be the same as those of Tri-Mor, but could be directly antagonistic thereto. Additionally, we must consider that one of the purposes of the rule of joinder is to enable the court to dispose of the *whole* controversy. Manifestly, without K-Mart's presence in this action, there exists the possibility of future litigation to determine the respective rights of each of the parties. It is even surprising to this court that Tri-Mor was the party to instigate this cause of action, since its easement of ingress and egress seems to be in much less jeopardy than the interests held by K-Mart in Tract 2.

Accordingly, in consideration of the principles enunciated and the

record before us, the judgment appealed from is reversed, not upon its merits, but solely on the ground that it is null and void as an order entered without jurisdiction over an indispensable party. The cause is hereby remanded to the trial court with directions to allow the parties to amend their pleadings as they may desire by making additional parties or otherwise.

The judgment of the Circuit Court of Madison County is reversed and the cause is remanded with directions to proceed in accordance with this opinion.

Reversed and remanded.

EBERSPACHER and JONES, JJ., concur.