LAWRENCE E. BOVINETT *et al.*, Plaintiffs-Appellees and Appellants, *v.* EDWARD J. ROLLBERG *et al.*, Defendants-Appellants.—(HERBERT J. NEUNER *et al.*, Defendants-Appellees.)

Fifth District   No. 78-109

Opinion filed March 22, 1979.—Rehearing denied July 25, 1979.

G. MORAN, P. J., concurring in part and dissenting in part.

Fleming & Fleming, of O'Fallon, for appellants Edward J. Rollberg *et al.*

William R. Hotto, of Hotto, Neubauer & Rosen, of Fairview Heights, for appellees Herbert J. Neuner *et al.*

James W. McRoberts, Jr., of McRoberts, Sheppard, McRoberts & Wimmer, P. C., of Fairview Heights (John P. Long, of counsel), for appellees Lawrence E. Bovinett *et al.*

Mr. JUSTICE JONES delivered the opinion of the court:

Lawrence and Beverly Bovinett brought an action for specific performance against Edward and Patti Rollberg to compel conveyance of certain real property pursuant to a land sales contract. The Bovinetts also sought injunctive relief against the Rollbergs and John, Stella and Mildred Neuner to restrain them from conveying or otherwise altering any rights they may have had with respect to the property in question pending a final determination of the dispute by the court. During the course of this action the trial court granted the request for a preliminary injunction. At the conclusion of a bench trial, the court entered an order for specific performance which required the Rollbergs to convey their interest in the property to the Bovinetts, and the court dissolved the preliminary injunction against the Neuners.

The Rollbergs appeal the order of specific performance as well as the dissolution of the injunction against the Neuners; the Bovinetts separately appeal the dissolution of the preliminary injunction against the Neuners. The following issues are raised on appeal: whether a valid contract existed between the Bovinetts and the Rollbergs so as to justify the remedy of specific performance; whether the trial court erred in dissolving the preliminary injunction against the Neuners.

John and Stella Neuner executed a bond for deed with the Rollbergs to convey to them certain real property consisting of five acres of land improved with a house and four outbuildings. The purchase price was roughly $34,000. Although the bond for deed was not offered in evidence at trial, it apparently provided for the Rollbergs to make a down payment to be followed by monthly payments of a specified amount with the

balance of the purchase price to be paid on July 1, 1977. The balance due was approximately $28,000. If the Rollbergs met all of their obligations under the contract, the Neuners would convey legal title to them. This agreement contained a forfeiture provision which gave the Neuners the right to declare a forfeiture and reclaim the property in the event the Rollbergs failed to satisfy their obligations under the agreement.

The Rollbergs signed a listing contract in January 1977 with the State Realty Company. The contract authorized the company to show the premises they were purchasing from the Neuners, but it did not give the company any authority to enter into a contract for the sale of the property as agent for the Rollbergs.

A representative of the real estate company informed the Rollbergs on March 2 of an offer made by the Bovinetts to purchase the property for $50,000. This offer was rejected. On March 7 the Rollbergs received through the realtor a proposed contract for the sale of the premises which contained a new offer by the Bovinetts, increasing the purchase price to $51,000. This offer was rejected as well. However, despite the rejection a discussion pertaining to the sale of the property ensued between the Rollbergs and the realtor until 10:30 p.m. At this point, the Rollbergs placed the figure $52,500 on the earlier rejected contract, drew a circle around the figure, and initialled it. Edward Rollberg stated at trial that the purpose of writing a new figure and initialling it was not to present a counteroffer, but, rather, to get the realtor out of his home.

The realtor went to the Bovinett home that same night and secured their approval of the $52,500 purchase price. The realtor made one change in the contract after the Rollbergs initialled it without their prior knowledge or approval. At the time the alleged agreement left the Rollberg home it contained a provision that if the Bovinetts, as purchasers, were unable to obtain an insured loan for $44,500 within 30 days the agreement would be rescinded and the earnest money refunded. The realtor changed the amount of the insured loan to be obtained from $44,500 to $46,000. This change was initialled by the Bovinetts.

The realtor from the State Realty Company testified that he notified Patti Rollberg the next morning about the Bovinetts' acceptance of the $52,500 offer. On March 9 Edward Rollberg notified the realtor that he would not accept any offer below $55,000. The rejection precipitated this action for specific performance and temporary injunctive relief which was commenced on May 25.

This alleged contract for sale occurred at a time when the Neuners were holders of the legal title to the land and the Rollbergs merely had equitable title pursuant to the bond for deed with the Neuners.

A temporary restraining order was issued on June 2 enjoining the Neuners and the Rollbergs from either "assigning, forfeiting, transferring

or conveying whatever interest they may have" in the property or "from suffering such assignment, forfeiture, transfer or conveyance." The temporary restraining order was continued as a preliminary injunction by the trial court on June 9. Upon motion by the Rollbergs the trial court modified the preliminary injunction on July 26 to allow the Neuners to deed the property to the Rollbergs. The Rollbergs apparently sought legal title to the property to enable them to obtain a mortgage for the balance due on their bond for deed with the Neuners. A consequence of this lawsuit was that the Rollbergs had been unable to secure a mortgage on their interest in the bond for deed and were in default after failing to pay the balance due on July 1. On September 27 the trial court, after a hearing on the merits, ordered the Rollbergs to perform in compliance with their land sales contract with the Bovinetts.

The Neuners filed a motion on November 18 in which they sought to be dismissed as party defendants, or in the alternative, to have the preliminary injunction against them dissolved. Among the various grounds raised in the motion the Neuners argued that the injunction was invalid because they were strangers to the contract between the Rollbergs and the Bovinetts, and, in the alternative, they argued that even if the injunction were valid it should have been dissolved because the hearing and decision on the merits rendered it *functus officio*. On December 22, the trial court ordered that the preliminary injunction against the Neuners would dissolve within 30 days or upon the filing of a notice of appeal by the Rollbergs. The Rollbergs filed a notice of appeal on January 12, 1978. Shortly thereafter the trial court dissolved the preliminary injunction against the Neuners which enabled them to declare a forfeiture against the Rollbergs and begin an eviction proceeding. Finally, this court issued a stay of the trial court's order dissolving the preliminary injunction against the Neuners pending the outcome of this appeal.

■█ The first issue on appeal is whether the trial court erred in holding that a valid contract existed between the Rollbergs and the Bovinetts with respect to the sale of real property. We decline to decide this issue on the merits; rather, our disposition of this case turns upon a matter which has not been raised by any of the parties on appeal. John and Stella Neuner, legal titleholders to the real property, were not named parties in this, or any, action for specific performance on a contract of sale or bond for deed purportedly conveying or agreeing to convey that realty. Upon consideration of the facts and issues presented in this case we are persuaded that John and Stella Neuner were indispensable parties for a determination of the action for specific performance, and that it was improper for the trial court to have arrived at a final decision in their absence.

■█ A necessary party is an individual or entity having a present,

substantial interest in the matter being litigated, and in whose absence a complete resolution of the matter in controversy cannot be achieved without affecting that interest. (*Oglesby v. Springfield Marine Bank* (1944), 385 Ill. 414, 52 N.E.2d 1000; *Stavros v. Karkomi* (1st Dist. 1976), 39 Ill. App. 3d 113, 349 N.E.2d 599; *McDonald's Corp. v. Smargon* (1st Dist. 1975), 31 Ill. App. 3d 493, 334 N.E.2d 385.) The requirement that the interest in the subject matter in litigation be present and substantial implies that it be more than a mere expectancy or future contingency. (*Stavros v. Karkomi; McDonald's Corp. v. Smargon.*) The determination of whether a party is necessary to a cause of action is controlled by the issues presented in the case through the pleadings and the evidence and not by the final outcome of the litigation. *Tri-Mor Bowl, Inc. v. Brunswick Corp.* (5th Dist. 1977), 51 Ill. App. 3d 743, 366 N.E.2d 941.

■■ It is quite evident that in an action for specific performance involving the conveyance of real property pursuant to a land sales contract, one who holds legal title to the realty would necessarily have a present and substantial interest in the litigation. In particular this is true when there may be some question regarding the forfeiture or termination of the equitable interest which was the subject of the second contract for sale. It is equally apparent that such a titleholder's interest in the realty would be affected by any court order directing the conveyance of the property in fee. Therefore, under these circumstances, the legal titleholder would be a necessary party to the judicial proceedings.

In the instant case, the action for specific performance pertained to an alleged land sales contract between the Bovinetts and the Rollbergs whereby the Rollbergs agreed to convey the land in fee simple to the Bovinetts for a specified price. At the time of the contract's execution, however, the Rollbergs only had equitable title to the premises under a bond for deed with the Neuners. Legal title was held by the Neuners. We therefore hold that John and Stella Neuner were necessary parties to this cause of action.

■■ It is well settled that it is error for the trial court to proceed to final judgment without jurisdiction over all necessary parties to the litigation (*Glickauf v. Moss* (1st Dist. 1974), 23 Ill. App. 3d 679, 320 N.E.2d 132; *Oglesby v. Springfield Marine Bank*), and any final order or judgment entered under such circumstances would be null and void. (*Moore v. McDaniel* (5th Dist. 1977), 48 Ill. App. 3d 152, 362 N.E.2d 382.) The vigorous enforcement of this rule has yielded only in extraordinary situations where it has been next to impossible to bring all the parties indispensable to the litigation under the trial court's jurisdiction. (*Oglesby v. Springfield Marine Bank.*) Such prohibitive circumstances are entirely lacking in this cause.

■■ While it is true that the Neuners were served a copy of the complaint

and were named as party defendants, they were only nominal parties to this action, served merely for the purpose of obtaining ancillary injunctive relief. Since no relief was ever sought against the Neuners by the Bovinetts under the count for specific performance, the Neuners were never made parties to that cause of action. Therefore, due to the absence of the Neuners as necessary parties, the trial court's order for specific performance, based on its finding that a valid land sales contract existed between the Rollbergs and the Bovinetts, was null and void.

■■ When the absence of a necessary party comes to the attention of either a trial court or a court of review, the court *sua sponte* has the duty of ordering the joinder of the absent party. (*Glickauf v. Moss*; *Oglesby v. Springfield Marine Bank.*) Section 25(1) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 25(1)) provides:

> "If a complete determination of a controversy cannot be had without the presence of other parties, the court may direct them to be brought in."

For the foregoing reasons, we reverse the trial court's order for specific performance of the contract between the Rollbergs and the Bovinetts, not on the merits, but on the ground that the order appealed from was null and void because it was entered without jurisdiction over necessary parties. This cause is hereby remanded with directions that Stella Neuner, individually and as executrix of her husband's estate, and any other legal titleholders to the property in dispute, be made parties to this action. We observe that while Mildred Neuner was a nominal party as to the injunctive relief, no connection has been established in the record between her and title to the realty. If there is such a connection, she should be made a party as well.

The possibility that the Rollbergs may forfeit their interest in the realty as a result of the bond for deed with the Neuners may render the suit by the Bovinetts for specific performance moot. Consequently, Stella Neuner, as vendor on the bond for deed with the Rollbergs, individually and as executrix for John Neuner's estate, should file appropriate pleadings asserting her claims with respect to the title of the realty in issue and any other matter which the circumstances may require.

■■ The second issue raised on appeal is whether the trial court properly dissolved the preliminary injunction against the Neuners. We hold that not only the injunction was properly dissolved, but that it was improperly issued in the first instance. A preliminary injunction has traditionally been viewed as an extraordinary remedy, and, therefore, it should be issued only upon a showing by the plaintiff of all the following elements: that he has a proprietary interest which is enforceable against the party sought to be enjoined; that he will suffer irreparable harm in the absence of injunctive relief; that he has no adequate remedy at law with which to

preserve the status quo pending a hearing on the matter in issue; and that he is likely to succeed on the merits. *S & F Corp. v. American Express Co.* (1st Dist. 1978), 60 Ill. App. 3d 824, 377 N.E.2d 73; *Stocker Hinge Mfg. Co. v. Darnel Industries, Inc.* (1st Dist. 1978), 61 Ill. App. 3d 636, 377 N.E.2d 1125.

■■ For a resolution of this issue, we need only concern ourselves with the first element: the existence of a property right on the part of the plaintiff to be enforced against the defendant. In the instant case, an injunction was issued by the trial court against the Neuners for the purpose of maintaining the status quo with respect to the contract dispute, yet the Neuners were never parties to that contract and there were no allegations in the complaint which asserted any rights of the plaintiffs against the Neuners or sought to compel any action by them. Under these circumstances, the Bovinetts have failed to demonstrate any proprietary interest which was enforceable against the Neuners so as to justify injunctive relief against them. Accordingly, it was an abuse of discretion for the trial court to enjoin the Neuners from conveying or alienating their property interests in the realty on the basis of a contract to which they were not parties.

■■ We further observe that although temporary injunctive relief was sought against the Neuners, no relief as to the merits of the specific performance action was sought against them. It was error for the trial court to grant temporary injunctive relief where it was the only relief sought against the Neuners. *P.S.L .Realty Co. v. Granite Investment Co.* (5th Dist. 1976), 42 Ill. App. 3d 697, 356 N.E.2d 605.

Reversed and remanded in part; affirmed in part.

KUNCE, J., concurs.

Mr. PRESIDING JUSTICE GEORGE J. MORAN, concurring in part and dissenting in part:

The trial court had jurisdiction over all the necessary parties to this case. Therefore the decree in this case cannot be null and void for lack of jurisdiction over a necessary party. The Neuners filed a motion to dismiss in the following language:

> "Move this court to dismiss them as parties in the above entitled action or in the alternative for this court to enter an order confirming that the temporary injunction is dissolved."

This verifies that in addition to being served with process, the Neuners attempted to exercise some control over their rights in this litigation. Instead of having a situation where there is a failure of essential parties, we have the lack of a final appealable order. An order was entered

concerning the Rollbergs' rights, but there was never any final resolution of the Neuners' rights. For this reason this is not a final judgment and this case should be remanded to the trial court to dispose of all the issues.

I concur with the decision to remand this case for further proceedings, but for reasons other than those stated in the majority opinion.