ROBERT L. BRUMLEY, Plaintiff-Appellant, *v.* TOUCHE ROSS & COM-PANY, Defendant-Appellee.

Second District No. 83—313

Opinion filed April 24, 1984.

William Biederman, of Marks, Katz, Randall, Weinberg & Blatt, of Chi-cago, for appellant.

George J. Casson, Jr., and John W. Rotunno, both of Bell, Boyd & Lloyd, of Chicago, for appellee.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Robert L. Brumley, appeals from an order of the circuit court which dismissed his amended complaint against defendant, Touche Ross & Company (Touche Ross), in which damages were sought for the alleged professional negligence of Touche Ross in the preparation of certified financial statements for a third party, KPK Corporation (KPK). KPK is not a party to this action.

The central issue considered in this appeal is whether an accountant owes a duty to a third party for negligence in preparing an audit report for the accountant's client.

Plaintiff's amended complaint consisted of one count in which he alleged that Touche Ross is a partnership of certified public accountants which was engaged by KPK as independent auditors; that Touche Ross did audit the books and records of KPK and its subsidiaries and on October 29, 1976, issued an audit report to the board of directors and stockholders of KPK which contained a certificate stating, *inter alia*, that the report presented "fairly the financial position of KPK Corporation and subsidiaries at May 31, 1976 and 1975, and the results of their operations and charges in their financial position for the years then ended, in conformity with generally accepted accounting principles during the period ***."

The complaint further alleged that Touche Ross knew and foresaw that its audit report would be circulated by KPK in carrying on its business, including its submission to potential investors in the company; that it was foreseeable to Touche Ross that KPK would submit the report to potential investors, such as plaintiff, who would rely upon the audit report and invest in the company on its strength; that Touche Ross had a duty to potential investors such as plaintiff to carry out the audit in accordance with generally accepted auditing standards and to issue a report which fairly presented KPK's financial position in accordance with its certificate.

The complaint alleged further that plaintiff negotiated with the stockholders of KPK in 1977 to acquire two-thirds of its issued stock and was furnished with a copy of the audit report; that he relied upon the report and was induced thereby to purchase stock of KPK for $5.7 million; that the audit report did not fairly present the financial condition of KPK (in specified ways) and Touche Ross breached its duty to plaintiff by negligently performing its audit of KPK in a manner which failed to meet generally accepted auditing standards (specified in the

complaint).

Plaintiff's complaint concluded that the negligence of Touche Ross rendered the certified audit report as submitted to plaintiff a false statement of material fact, upon which plaintiff relied, proximately causing damages to plaintiff of $2,500,000.

Touche Ross moved to dismiss the complaint on the grounds plaintiff was collaterally estopped by a judgment of the circuit court of Kane County entered on July 2, 1982; that judgment was affirmed by this court in *Howard A. Koop & Associates v. KPK Corp.* (1983), 119 Ill. App. 3d 391, 457 N.E.2d 66; Touche Ross was not a party to the litigation. In the alternative, Touche Ross sought dismissal on the grounds that plaintiff failed to join necessary parties to the litigation, *viz.*, KPK and Howard A. Koop, the sole stockholder of KPK prior to plaintiff's purchase of KPK stock.

After arguments, the trial court dismissed the complaint, finding that plaintiff had failed to join necessary parties and was otherwise collaterally estopped by the Kane County judgment. The court also found, *sua sponte*, that the complaint failed to state sufficient facts which would give rise to a duty owed by Touche Ross to plaintiff. Plaintiff appeals contending that the trial court erred in all three findings.

For purposes of ruling on a motion to dismiss, all well-pleaded facts contained in a complaint must be taken as true and all inferences therefrom must be drawn in favor of the nonmovant. (*Palatine National Bank v. Charles W. Greengard Associates, Inc.* (1983), 119 Ill. App. 3d 376, 456 N.E.2d 635; *Burks Drywall, Inc. v. Washington Bank & Trust Co.* (1982), 110 Ill. App. 3d 569, 442 N.E.2d 648.) A complaint should not be dismissed for failure to state a cause of action unless it clearly appears that no set of facts could be proven under the pleadings which would entitle plaintiff to relief. (*Palatine National Bank v. Charles W. Greengard Associates, Inc.* (1983), 119 Ill. App. 3d 376, 456 N.E.2d 635.) Although Illinois requires fact rather than notice pleading (Ill. Rev. Stat. 1981, ch. 110, pars. 2—603(b), 2—612(c); *Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 440 N.E.2d 96), a complaint will not be dismissed if facts essential to its claim appear by reasonable implication and it reasonably informs the defendants of a valid claim under a general class of cases. *Magana v. Elie* (1982), 108 Ill. App. 3d 1028, 439 N.E.2d 1319; *Central States, Southeast & Southwest Areas Pension Fund v. Gaylur Products, Inc.* (1978), 66 Ill. App. 3d 709, 384 N.E.2d 123.

We first address the issue of whether the complaint alleged facts which give rise to a duty owed by Touche Ross to plaintiff. Research by the parties and this court has revealed no Illinois cases which define

the duty owed by a public accountant to a third party, not in privity, for damages proximately caused by an accountant's negligence in preparation of an audit report.

Plaintiff contends the accountant's duty extends to all foreseeable parties who may rely upon defendant's certified audit report to exercise due care in its preparation. Defendant argues that an accountant owes a duty only to those with whom he is in privity or, at most, to those other parties who the accountant knew would rely upon his work.

The rule as stated in *Ultramares Corp. v. Touche* (1931), 255 N.Y. 170, 174 N.E. 441, has often been applied in other jurisdictions. Justice Cardozo there wrote that a public accountant is not liable in negligence to third parties with whom he is not in privity as such a duty could result in liability to an unlimited class of foreseeable plaintiffs and public policy required a limitation of that duty. Justice Cardozo noted:

"If liability for negligence exists, a thoughtless slip or blunder, the failure to detect a theft or forgery beneath a cover of deceptive entries, may expose accountants to a liability in an indeterminate amount for an indeterminate time to an indeterminate class. The hazards of a business conducted on these terms are so extreme as to enkindle doubt whether a flaw may not exist in the implication of a duty that exposes to these consequences." (255 N.Y. 170, 179-80, 174 N.E. 441, 444.)

Many courts have applied the *Ultramares* rule when considering public accountant liability. *Dworman v. Lee* (1981), 83 App. Div. 2d 507, 441 N.Y. Supp. 2d 90 (denial of relief to sureties of corporation); *Briggs v. Sterner* (S.D. Iowa 1981), 529 F. Supp. 1155 (no duty of accountants to purchasers of corporate securities); *Nortek, Inc. v. Alexander Grant & Co.* (5th Cir. 1976), 532 F.2d 1013 (applying Florida law); *MacNerland v. Barnes* (1973), 129 Ga. App. 367, 199 S.E.2d 564; *Koch Industries, Inc. v. Vosko* (10th Cir. 1974), 494 F.2d 713 (applying Kansas law that accountant is not liable to ultimate purchaser of business); *Hochfelder v. Ernst & Ernst* (7th Cir. 1974), 503 F.2d 1100, *rev'd on other grounds* (1976), 425 U.S. 185, 47 L. Ed. 2d 668, 96 S. Ct. 1375 (accountants not liable to customers of brokerage firm whose president perpetrated a fraudulent scheme); *Shofstall v. Allied Van Lines, Inc.* (N.D. Ill. 1978), 455 F. Supp. 351 (accountants owe no duty to prospective investors of corporation).

Other courts have departed from the *Ultramares* decision. In *H. Rosenblum, Inc. v. Adler* (1983), 93 N.J. 324, 461 A.2d 138, plaintiffs, who were purchasers of stock in a publicly traded corporation, sought damages for negligence in the preparation of the audit report of that corporation's financial statements. The New Jersey Supreme Court

noted the *Ultramares* decision and the public policies applied therein, but considered that the concept of privity relied upon by Justice Cardozo did not correctly define the scope of the duty of a public accountant. Rather, the court found that the privity requirement had been abandoned by most courts with respect to tort litigation and held that the reasonably foreseeable consequences of a negligent act should define the duty of the accountant and the limits of actionable negligence. The court noted that "[c]ertified financial statements have become the benchmark for various reasonably foreseeable business purposes and accountants have been engaged to satisfy those ends. In those circumstances accounting firms should no longer be permitted to hide within the citadel of privity and avoid liability for their malpractice." (93 N.J. 324, 353, 461 A.2d 138, 153.) Accordingly, the court held that an independent auditor "has a duty to all those whom that auditor should reasonably foresee as recipients from the company of the statements for its proper business purposes, provided that the recipients rely on the statements pursuant to those business purposes" (93 N.J. 324, 352, 461 A.2d 138, 153), noting further, "[the accountant's] ignorance of the precise use to which the statements would be put does not eliminate their obligation. Applying the principle previously stated, we find first that it is necessary only that *** the entity for whom the audit was being made, used it for a proper business purpose. *** [The accountants] could reasonably expect that their client would distribute the statements in furtherance of matters relating to its business. Having inserted the audit in that economic stream, *** [the accountants] should be responsible for their careless misrepresentations to parties who justifiably relied upon their expert opinions." 93 N.J. 324, 356, 461 A.2d 138, 155.

Other jurisdictions have adopted a similar rule that public accountants may be liable to plaintiffs, who are not exactly identifiable, but who belong to a limited class of persons whose reliance on the accountant's representations is specifically foreseen; this duty requires the accountant to prepare audit reports according to generally accepted accounting principles. *Citizens State Bank v. Timm, Schmidt & Co., S.C.* (1983), 113 Wis. 2d 376, 335 N.W.2d 361 (accountant's liability extends to lending bank); *Haddon View Investment Co. v. Coopers & Lybrand* (1982), 70 Ohio St. 2d 154, 436 N.E.2d 212 (accountant's liability to limited partners); *Bonhiver v. Graff* (Minn. 1976), 248 N.W.2d 291 (accountant liable to agent of insurance company audited); *Aluma Kraft Manufacturing Co. v. Elmer Fox & Co.* (Mo. App. 1973), 493 S.W.2d 378 (accountant liable to purchaser of stock); *Shatterproof Glass Corp. v. James* (Tex. Civ. App. 1971), 466 S.W.2d 873 (accountant liable to

plaintiff who lent money to corporation based upon audit); *Ryan v. Kanne* (Iowa 1969), 170 N.W.2d 395 (accountant liable to corporation who took over assets and liabilities of audited predecessor business); *Rhode Island Hospital Trust National Bank v. Swartz, Bresenoff, Yavner & Jacobs* (4th Cir. 1972), 455 F.2d 847 (accountants liable to lender of corporation audited); *Tiffany Industries, Inc. v. Harbor Insurance Co.* (W.D. Mo. 1982), 536 F. Supp. 432 (applying Missouri law that accountant is liable to insurer of audited corporation); *Coleco Industries, Inc. v. Berman* (E.D. Pa. 1976), 423 F. Supp. 275 (applying New Jersey law that accountants were liable to shareholders of corporation audited); *Seedkem, Inc. v. Safranek* (D. Neb. 1979), 466 F. Supp. 340 (applying Nebraska and Indiana law holding accountant liable to creditor of corporation audited); *Rusch Factors, Inc. v. Levin* (D.R.I. 1968), 284 F. Supp. 85 (applying Rhode Island and New York law that accountant would be liable to creditor of corporation audited).

The Federal court in Illinois has reached a similar conclusion after analysis of related Illinois decisions. In *Merit Insurance Co. v. Colao* (7th Cir. 1979), 603 F.2d 654, the court noted that privity between litigants was not required under Illinois law for the maintenance of a negligence action. It found that a complaint alleging that defendant accountants knew or should have known that certified financial statements in their audit report would be used by third persons such as the plaintiff as a basis for business decisions was sufficient to withstand a challenge under the law of Illinois that the complaint was defective for want of facts showing a duty. In reaching this result, the majority of the seventh circuit panel relied substantially upon the Illinois Supreme Court's opinion in *Rozny v. Marnul* (1969), 43 Ill. 2d 54, 250 N.E.2d 656.

We consider that *Rozny v. Marnul* (1969), 43 Ill. 2d 54, 250 N.E.2d 656, and *Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 440 N.E.2d 96, provide the guidelines necessary to resolution of the question presented. (See also *Davis v. Weiskopf* (1982), 108 Ill. App. 3d 505, 439 N.E.2d 60.) In *Rozny v. Marnul* (1969), 43 Ill. 2d 54, 250 N.E.2d 656, a land surveyor who had been employed by a prior owner of land acquired by a third-party purchaser, was held liable to the purchaser who had relied upon the survey. The court held "that lack of direct contractual relationship between the parties is not a defense in a tort action in this jurisdiction. Thus, tort liability will henceforth be measured by the scope of the duty owed rather than the artificial concepts of privity." (43 Ill. 2d 54, 62.) In considering the scope of the liability where a defendant has negligently supplied inaccurate information, Justice Underwood noted liability was not ordinarily imposed where the person

damaged was in the class of persons whose reliance on the information was only "foreseeable," but has been imposed when reliance of a third party was "known" (43 Ill. 2d 54, 63-640). The court also considered the *Ultramares* case, noting that the unknown and unlimited liability factor associated with a general foreseeability rule, as stated by Mr. Justice Cardozo, was not to be lightly discounted and further noted that "even in the accounting field where the potential liability argument is much more persuasive than here, two recent cases have held liability could exist to third parties whose reliance was foreseeable by the negligent accountant." 43 Ill. 2d 54, 66-67; see *Rusch Factors, Inc. v. Levin* (D.R.I. 1968), 284 F. Supp. 85; *Fischer v. Kletz* (S.D.N.Y. 1967), 266 F. Supp. 180.

In *Rozny v. Marnul* (1969), 43 Ill. 2d 54, 250 N.E.2d 656, the court extended a duty to a surveyor premised upon the pleadings and proof of an absolute guarantee of accuracy made by the surveyor on the inaccurate plat; defendant's knowledge the plat would be used and relied upon by others than the person ordering it, including plaintiff; that potential liability in the case was restricted to a small group; and, that permitting recovery by a reliant user whose use of the plat was foreseeable will promote caution by surveyors. In that case, the surveyor's guarantee of accuracy was absolute and the intended reliance upon the plat by the third party was known to him.

In *Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 440 N.E.2d 96, the court determined there could be a duty owed by an attorney to a third party who was not his client, thus providing a broader scope of liability in a negligence action than privity. There, the test of the scope of an attorney's duty to a third party was whether the attorney was acting at the direction of or on behalf of his client to benefit or influence a third party. We conclude a similar rule is appropriate to the duty owed to third parties by an accountant.

In his complaint, however, plaintiff alleges Touche Ross had a duty extending to all potential investors in KPK Corporation as it was foreseeable KPK would submit the audit report to that class of persons. The complaint does not allege Touche Ross knew of plaintiff or that the report was to be used by KPK to influence plaintiff's purchase decision nor does it allege that was the primary purpose and intent of the preparation of the report by Touche Ross for KPK. Absent such allegations of fact, we find plaintiff's complaint insufficient to set forth a duty on the part of defendant to plaintiff.

In reaching this conclusion we note that the defendant accountant's certificate on the audit report was not absolute, but was subject to the unknown outcome of certain pending litigation and was also subject to

certain inventory records not available to Touche Ross.

While the trial court did correctly dismiss plaintiff's amended complaint for failure to state a cause of action, it did so *sua sponte* on this ground without giving plaintiff an opportunity to amend so as to meet that requirement. On remand, plaintiff will be allowed to amend his complaint to state a cause of action against defendant, if he wishes to do so.

■ Plaintiff also contends that the trial court erred in holding that the doctrine of collateral estoppel barred plaintiff's action against Touche Ross due to the prior judgment in the Kane County litigation entitled *Howard A. Koop & Associates v. KPK Corp.* (1983), 119 Ill. App. 3d 391, 457 N.E.2d 66. The doctrine of collateral estoppel provides that an adjudication of the merits of an issue by a court of competent jurisdiction precludes relitigation of the issue in a subsequent action. (*Johnson v. Nationwide Business Forms, Inc.* (1981), 103 Ill. App. 3d 631, 431 N.E.2d 1096.) The only pertinent questions for the application of collateral estoppel are (1) whether the issue decided in the prior adjudication is identical with the one presented in the suit in question; (2) whether there had been a final judgment on the merits; and (3) whether the party against whom estoppel is asserted is a party, or in privity with the party, to the prior adjudication. *Illinois State Chamber of Commerce v. Pollution Control Board* (1979), 78 Ill. 2d 1, 398 N.E.2d 9.

We find the trial court erred in applying the doctrine of collateral estoppel to bar plaintiff's action. This court recently affirmed the Kane County judgment in *Howard A. Koop & Associates v. KPK Corp.* (1983), 119 Ill. App. 3d 391, 457 N.E.2d 66, and will take judicial notice of its opinion in the case. (*May Department Stores Co. v. Teamsters Union Local No. 743* (1976), 64 Ill. 2d 153, 355 N.E.2d 7; *Filrep, S.A. v. Barry* (1980), 88 Ill. App. 3d 935, 410 N.E.2d 1137.) In *Koop*, the issue litigated was whether Koop made false representations to KPK Corporation and Brumley with respect to the sale of KPK stock to Brumley. There was no question of the alleged negligence of Touche Ross presented to the court in that case, nor was Touche Ross a party to that litigation. In the present case, plaintiff's allegations against Touche Ross consist solely of Touche Ross' alleged negligence in the audit and preparation of the audit report of KPK Corporation. Accordingly, this issue has not been resolved by the prior litigation and plaintiff's complaint is not barred by the doctrine of collateral estoppel.

■ Finally, plaintiff contends that the trial court erred in dismissing his complaint for his failure to join necessary parties, *viz.*, KPK Corporation and Howard Koop. We agree. A necessary party is an indi-

vidual or entity having a present, substantial interest in the matter being litigated, and in whose absence complete resolution of the subject matter in controversy cannot be achieved without affecting that interest. (*Bovinett v. Rollberg* (1979), 73 Ill. App. 3d 490, 392 N.E.2d 27.) A necessary party is one whose presence in a lawsuit is required for any of three reasons: (1) to protect an interest which the absentee has in the subject matter which would be materially affected by a judgment entered in his absence; (2) to reach a decision which will protect the interests of those who are before the court; or (3) to enable the court to make a complete determination of the controversy. Ill. Rev. Stat. 1981, ch. 110, par. 2—406; *Lain v. John Hancock Mutual Life Insurance Co.* (1979), 79 Ill. App. 3d 264, 398 N.E.2d 278.

Under these criteria, neither KPK nor Howard Koop is a necessary party to this litigation. The issues presented by plaintiff's complaint, as amended, consist of the alleged negligence of Touche Ross in preparation of the audit report, the plaintiff's reliance on that report and the damages suffered by plaintiff as a result of that reliance. There is no interest of KPK or Koop which would be adversely affected by a resolution of those issues. In any event, the nonjoinder of parties is not grounds for the dismissal of a complaint unless a reasonable opportunity is provided to add them as parties. (Ill. Rev. Stat. 1981, ch. 110, par. 407; *Midwest Bank & Trust Co. v. Village of Lakewood* (1983), 113 Ill. App. 3d 962, 447 N.E.2d 1358.) However, we note that under the circumstances of this case plaintiff would be unable to join either KPK or Koop. The record reflects that one of the prior complaints filed by plaintiff in the case did contain additional counts addressed to KPK and Koop. Those counts were later dismissed in the amendment to the second amended complaint as a result of the *res judicata* effect of the Kane County judgment as to those parties and any attempt to add KPK or Koop as defendants in this case would be barred.

Accordingly, the judgment of the circuit court which dismissed the amended complaint for failure to state a cause of action is affirmed and its judgment is otherwise reversed. The cause will be remanded to give plaintiff an opportunity to offer amendments to his complaint.

Affirmed in part; reversed in part and remanded.

HOPF and VAN DEUSEN, JJ., concur.